UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. MULLER; *et al.*, | : |
| Plaintiffs, | : No. 2:10-CV-6110 (WHW) (CCC) |
| v. | : |
| THE HON. PHILIP J. MAENZA, *et al.*, | : **PLAINTIFFS' STATEMENT OF** |
| | : **UNDISPUTED MATERIAL FACTS** |
| Defendants. | : |

Plaintiffs Jeffrey M. Muller, Daniel J. Piszczatoski, John Drake, Gregory C. Gallaher, Lenny S. Salerno, Finley Fenton, Second Amendment Foundation, Inc., and Association of New Jersey Rifle & Pistol Clubs, Inc., by and through their attorneys Duane Morris LLP, submit the following statement of material facts pursuant to Local Rule 56.1:

1. On January 8, 2010, Plaintiff Jeff Muller was the victim of a violent kidnapping. Mr. Muller was beaten, Tasered, restrained, and a gun was held to his head. The alleged attackers claimed to be members of a motorcycle gang from Missouri. The attackers drove Mr. Muller 1,200 miles from New Jersey to Missouri. The attackers' car broke down shortly before arriving at their intended destination, and Mr. Muller was able to summons attention and escape. Declaration of Jeffrey M. Muller ("Muller Dec.") ¶¶ 1-3.

2. Mr. Muller is the key witness against his alleged attackers in their upcoming criminal trials in New Jersey. At the time of the Complaint, and at the time of this Motion, these criminal trials remain pending. Muller Dec. ¶ 4.

3. Mr. Muller wants to carry a handgun because of his concern that associates of the suspects may intimidate, injure, or kill him to prevent him from providing testimony against them at their trials.  Muller Dec. ¶ 5.

4. Mr. Muller would carry an operable handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment for lack of a Permit to Carry issued pursuant to N.J.S.A. § 2C:58-4.  Muller Dec. ¶ 6.

5. Mr. Muller applied for a Permit to Carry pursuant to N.J.S.A. § 2C:58-4 on February 1, 2010.  Muller Dec. ¶ 7 & Ex. 1.

6. On April 4, 2010, Defendant Col. Rick Fuentes, Superintendent of the New Jersey State Police, approved Mr. Muller's application for a Permit to Carry.  Muller Dec. ¶ 8.

7. On August, 31, 2010, Defendant Judge Maenza denied Mr. Muller's license on the ground that Muller lacked "justifiable need."  Muller Dec. ¶ 9 & Ex. 2.

8. Judge Maenza found that Mr. Muller lacked need because "[t]he threat of serious harm has been dissipated by the fact that the captors were apprehended and are awaiting trial."  Muller Dec. ¶ 9 & ex. 2.

9. On September 24, 2010, New Jersey law enforcement officials identified a fifth suspect in Mr. Muller's kidnapping and requested the suspect's extradition to New Jersey.  Muller Dec. ¶ 10.

10. Mr. Muller met all requirements for a Permit to Carry, except he was found to lack "justifiable need to carry a handgun."  Muller Dec. ¶ 11.

11. Daniel J. Piszczatoski is a civilian employee of the FBI who sought a Permit to Carry after receiving specific information indicating a potential terrorist threat to himself and his family.  Declaration of Daniel J. Piszczatoski ("Piszczatoski Dec.") ¶ 1.

12. Mr. Piszczatoski would carry an operable handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment for lack of a Permit to Carry issued pursuant to N.J.S.A. § 2C:58-4.  Piszczatoski Dec. ¶ 2.

13. Mr. Piszczatoski applied for a Permit to Carry pursuant to N.J.S.A. § 2C:58-4 on February 20, 2010.  Piszczatoski Dec. ¶ 3 & Ex. 1.

14. Chief Stouthamer of the Wayne Police Department approved Mr. Piszczatoski's application on May 27, 2010.  Piszczatoski Dec. ¶ 4 & Ex. 1.

15. Defendant Judge Filko denied Mr. Piszczatoski's application for a Permit to Carry on November 3, 2010 on the ground that he did not have "justifiable need."  Piszczatoski Dec. ¶ 5 & Ex. 2.

16. Mr. Piszczatoski met all requirements for a Permit to Carry, except he was found to lack "justifiable need to carry a handgun."  Piszczatoski Dec. ¶ 6.

17. Plaintiff John Drake routinely carries large quantities of cash in the course of running his automated teller machine ("ATM") business.  Mr. Drake is concerned that someone will injure or kill him in order to take money he is carrying, or to gain access to machines he is working on or to bank account information.  Declaration of John Drake ("Drake Dec.") ¶¶ 1-2.

18. Mr. Drake would carry an operable handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment for lack of a Permit to Carry issued pursuant to N.J.S.A. § 2C:58-4.  Drake Dec. ¶ 3.

19. Mr. Drake applied for a Permit to Carry pursuant to N.J.S.A. § 2C:58-4 on approximately March 17, 2010.  Drake Dec. ¶ 4 & Ex. 1.

20. Defendant Col. Fuentes denied Mr. Drake's application on July 1, 2010.  Drake Dec. ¶ 5 & Ex. 2.

21. Mr. Drake met all requirements for a Permit to Carry, except he was found to lack "justifiable need to carry a handgun."  Drake Dec. ¶ 6.

22. Plaintiff Greg Gallaher is a contractor developed concerns for his safety after a large theft took place at one of his jobsites and he learned that violent organized criminals may have been responsible.  Declaration of Gregory C. Gallaher ("Gallaher Dec.") ¶¶ 1-2.

23. Mr. Gallaher would carry an operable handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment for lack of a Permit to Carry issued pursuant to N.J.S.A. § 2C:58-4.  Gallaher Dec. ¶ 3.

24. Mr. Gallaher applied for a Permit to Carry pursuant to N.J.S.A. § 2C:58-4 on September 28, 2010.  Gallaher Dec. ¶ 4 & Ex. 1.

25. Defendant Chief Ingemi denied Mr. Gallaher's application on October 5, 2010 on the ground that he did not have "justifiable need."  Gallaher Dec. ¶ 5 & Ex. 1.

26. Mr. Gallaher met all requirements for a Permit to Carry, except he was found to lack "justifiable need to carry a handgun."  Gallaher Dec. ¶ 6.

27. Plaintiff Lenny Salerno seeks to protect himself while he is in dangerous areas that he travels to in his occupation as an electrical contractor.  Declaration of Lenny Salerno ("Salerno Dec.") ¶ 1.

28. Mr. Salerno would carry an operable handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment for lack of a Permit to Carry issued pursuant to N.J.S.A. § 2C:58-4.  Salerno Dec. ¶ 2.

29. Mr. Salerno applied for a Permit to Carry pursuant to N.J.S.A. § 2C:58-4 on May 30, 2009.  Salerno Dec. ¶ 3 & Ex. 1.

30. Defendant Chief Cook denied Mr. Salerno's application on August 31, 2009.  Salerno Dec. ¶ 4 & Ex. 2.

31. Mr. Salerno sought a hearing before Defendant Judge Manahan, who denied Mr. Salerno's application on July 8, 2010.  Salerno Dec. ¶ 5 & Ex. 3.

32. Mr. Salerno met all requirements for a Permit to Carry, except he was found to lack "justifiable need to carry a handgun."  Salerno Dec. ¶ 6.

33. Finley Fenton is a part-time Sheriff's Deputy who is concerned that suspects he has apprehended may attempt to injure him while he is off-duty.  Declaration of Finley Fenton ("Fenton Dec.") ¶¶ 1-2.

34. Mr. Fenton reasonably fears that he may be arrested if he carries a handgun without a Permit to Carry because the State of New Jersey asserts that the Law Enforcement Officers Safety Act of 2003 applies only to full-time police officers.  Fenton Dec. ¶ 3.

35. Mr. Fenton would carry an operable handgun in public for self-defense, but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment for lack of a Permit to Carry issued pursuant to N.J.S.A. § 2C:58-4.  Fenton Dec. ¶ 4.

36. Mr. Fenton applied for a Permit to Carry pursuant to N.J.S.A. § 2C:58-4 on March 31, 2010.  Fenton Dec. ¶ 5 & Ex. 1.

37. Defendant Col. Fuentes denied Mr. Fenton's application on August 30, 2010 on the ground of lack of "justifiable need."  Fenton Dec. ¶ 6 & Ex. 2.

38. Mr. Fenton sought a hearing in the Superior Court.  Defendant Judge Jerejian denied Mr. Fenton's application on November 12, 2010 on the ground of lack of "justifiable need."  Fenton Dec. ¶ 7 & Ex. 3.

39. Mr. Fenton met all requirements for a Permit to Carry, except he was found to lack "justifiable need to carry a handgun."  Fenton Dec. ¶ 8.

40. Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit corporation organized under the laws of the State of Washington with its principal place of business in Bellevue, Washington.  Declaration of Miko Tempski ("Tempski Dec.") ¶ 2.

41. SAF is an organization supported by over 650,000 people nationwide, including in New Jersey.  Tempski Dec. ¶ 3.

42. The purposes of SAF include promoting both the exercise of the right to keep and bear arms and education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms.  SAF also promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens.  Temspki Dec. ¶ 4.

43. Members and supporters of SAF have been denied Permits to Carry on the ground that they did not have "justifiable need," and members and supporters of SAF would apply for Permits to Carry but for their understanding that officials would refuse the license for lack of "justifiable need."  Tempski Dec. ¶ 5.

44. Plaintiff Association of New Jersey Rifle & Pistol Clubs, Inc. ("ANJRPC") is a non-profit corporation organized under the laws of the State of New Jersey in 1936 with its principal place of business in Pompton Plains, New Jersey.  Declaration of Scott Bach ("Bach Dec.") ¶ 2.

45. ANJRPC is a member-sponsored organization that represents the interests of target shooters, hunters, competitors, outdoors people, and other law-abiding firearms owners. Among ANJRPC's purposes are aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase, possess, and carry firearms.  Bach Dec. ¶ 3.

46. Members of ANJRPC have been denied Permits to Carry on the ground that they did not have "justifiable need," and members of ANJRPC would apply for Permits to Carry but for their understanding that officials would refuse the license for lack of "justifiable need."  Bach Dec. ¶ 4.

Dated: December 20, 2010
      Newark, New Jersey

Respectfully submitted,

**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership

By: _____
David D. Jensen, Esq.
Robert P. Firriolo, Esq.
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
Tel:  973.424.2000
Attorneys for Plaintiffs