**FILED**

AUG 3 1 2010

PHILIP J. MAENZA, J.S.C.
JUDGE'S CHAMBERS
MORRIS COUNTY COURTHOUSE

Prepared by the Court

| | |
|---|---|
| IN THE MATTER OF THE ) APPLICATION OF JEFFREY ) MULLER FOR A PERMIT ) TO CARRY A FIREARM ) ) ) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-MORRIS COUNTY CRIMINAL PART **ORDER DENYING APPLICATION** |

THIS MATTER having been opened to the Court upon the approval by the New Jersey State Police of the application of Jeffrey Muller for a New Jersey Permit to a Carry a Hand Gun; and the Court having read and considered the matter pursuant to N.J.S.A. 2C:58-4(d); and for other good cause shown;

IT IS on this 31 day of Aug us t, 2010;

ORDERED, that for the reasons set forth on the annexed Statement of Reasons, the Petitioner's application for a Permit to Carry a Hand Gun is hereby DENIED without prejudice.

Philip J. Maenza, J.S.C

## Statement of Reasons

The State of New Jersey takes a tough position on the issuance of permits to carry hand

guns to an individual.   Pursuant to N.J.S.A. 2C:58-4(d), in order to be approved for the permit to

carry a gun, an applicant must first be approved by the police chief or the superintendant, after

which the application is forwarded to the Superior Court for determination if the application will

be granted or denied.

In reviewing case law which incorporates the legislative intent of the issuance of gun

permits in the State of New Jersey, the State has designated the Judiciary as the issuing authority

for gun permits. In Re the application for Gun Permits of Drew E. Preis and Gary R. Cline, 118

N.J. 561, 576 (1990). The legislature has further given authority to the Law Division to

determine whether a justifiable need to carry a handgun has been established in a case by case

analysis. Id.   Justifiable need has been set forth as being an "an urgent necessity for self

protection and general fears alone for personal safety are inadequate." Siccardi v. State, 59 N.J.

545, 557 (1971).  Furthermore, there is a two-prong test to evaluate each application. This test

requires the "court to determine (1) that the applicant, in the course of performing statutorily-

authorized duties, is subject to a substantial threat of serious bodily harm; and (2) that carrying a

handgun is necessary to reduce the threat of unjustifiable serious bodily harm to any person."

Preis, supra at 576-577.

In reviewing the application of Jeffrey Muller, it is evident that he was a victim of a

crime consisting of a multistate kidnapping. This crime, and the fact that Mr. Muller will be

called upon to testify against his captors, is the reason he has filed this application for a permit to

carry a handgun. Mr. Muller however, does not show justifiable need. Allowing a victim of a

crime to carry a handgun without showing a justifiable need to carry one would be contrary to case law and the legislative intent of the statute.

The kidnapping resulted from the mistaken identity of Mr. Muller; it did not entail a series of harassment prior to the kidnapping or other behavior that would have put Mr. Muller in fear of serious bodily harm. The threat of serious harm has been dissipated by the fact that the captors were apprehended and are awaiting trial. Since there no longer is a threat of serious bodily harm, there is no justifiable need for Mr. Muller to have a permit to carry a handgun. The court is not saying that this crime has not put Mr. Muller in fear; however, it must look at the precedent it sets with this decision. The court cannot allow every victim of a crime to carry a handgun, notwithstanding they are fearful of another crime happening against them.   In the absence of proof of justifiable need, the court must follow the legislative intent and case law and therefore denies Mr. Muller's application for a permit to carry a handgun.