**Order Prepared by the Court**

| | |
|---|---|
| **IN RE APPLICATION OF DANIEL PISZCZATOSKI FOR AN UNRESTRICTED PERMIT TO CARRY A HANDGUN** | **: SUPERIOR COURT OF NEW JERSEY : LAW DIVISION: PASSAIC COUNTY** |
| | **Docket No. PAS 10-040** |
| **Pursuant to NJSA 2C:58-4** | **ORDER** |

This matter having been presented to the Court by Daniel Piszczatoski, and the Court having considered the application, documentary evidence, all supporting information, the position of the State; having heard testimony of the applicant and those with relevant knowledge; for good cause being shown; and for the reasons in the court's written opinion on this date;

It is on this 3rd day of November, 2010

**ORDERED** that under N.J.S.A. 2C:39-6.1, the application to carry a handgun made by Daniel Piszczatoski is **DENIED**, and it is

**FURTHER ORDERED** that a copy of this Order be served on the attorney(s) for all parties within seven (7) days.

**FILED**
NOV 03 2010
Rudolph A. Filko, JSC

RUDOLPH A. FILKO, J.S.C.

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON PUBLICATION**

| | |
|---|---|
| **IN RE APPLICATION OF DANIEL PISZCZATOSKI FOR AN UNRESTRICTED PERMIT TO CARRY A HANDGUN** | **SUPERIOR COURT OF NEW JERSEY**<br>**PASSAIC COUNTY**<br>**CRIMINAL DIVISION**<br><br>**DOCKET NO. PAS-10-040**<br><br>OPINION<br>Argued: October 22, 2010<br>Decided: November 3, 2010 |

This case involves an application made by Daniel Piszczatoski (hereinafter "Piszczatoski") for an unrestricted permit to carry a handgun in the State of New Jersey. Piszczatoski's application was approved by the Wayne Township Police on May 27, 2010 and oral argument on the matter was heard before this Court on October 22, 2010. A Brief in support of the application was also submitted. Piszczatoski asserted that he should be granted a permit to carry a handgun because of his position as a law enforcement officer with the United States Coast Guard and because of threats he received in connection with his position as a photographer for the Federal Bureau of Investigation. Alternatively, Piszczatoski argues that the New Jersey justifiable need standard for granting carrying permits is unconstitutional. After considering arguments made by the applicant and by the State, this Court finds that Piszczatoski's application for a permit to carry a handgun is denied because he has failed to establish justifiable need for such a permit and because the justifiable need standard is Constitutional.

## I. FACTS

For the past thirty years, Piszczatoski has served our country as a member of the United States Coast Guard (hereinafter "Coast Guard"). He achieved the rank of Warrant Officer and although he plans to retire soon, he currently serves as an Inspector-Officer for the Individual Ready Reserve. As an Inspector, Piszczatoski is charged with inspecting Coast Guard units and because this is not a law enforcement position, he is not required to carry a firearm while doing these duties. In addition, Piszczatoski is the program coordinator for the New York Imaging Services Unit of the Federal Bureau of Investigation (hereinafter "FBI"). This position requires him to coordinate photographers for various FBI functions and investigations as well as fill in on field assignments when necessary. The FBI does not require Piszczatoski to carry a weapon while performing these duties because he is a civilian employee and not a law enforcement agent.

In the course of performing his jobs with the Coast Guard and the FBI, Piszczatoski claims to have been faced with threats. On October 30, 2009, an alert was issued by the FBI to all of its employees, indicating that a group of Muslim fundamentalists had threatened to seek revenge on the FBI by following FBI employees to their homes and harming the employees and their families. As an FBI employee whose name is readily available on the internet, this threat has caused Piszczatoski to be fearful for the safety of himself and his family. In addition, Piszczatoski learned that on January 1, 2010 and on January 2, 2009, two members of the Coast Guard were wrongfully arrested and charged with unlawful firearms possession after uneducated police officers failed to realize that Coast Guard members may lawfully carry firearms without a permit. Charges were ultimately dismissed following both arrests, but not before both Coast Guard members were forced to endure arrests and criminal charges. Piszczatoski is now fearful

that he will be subjected to such an arrest should he exercise his right to carry a weapon as a member of the Coast Guard.

Piszczatoski has applied for an unrestricted permit to carry a handgun in the State of New Jersey to protect himself and his family from the threat made to FBI employees and so that he may exercise his right to carry a firearm as a Coast Guard Officer without fear of arrest. The issue before the Court is whether these threats create a justifiable need for self protection such that would allow the Court to grant Piszczatoski's application for an unrestricted permit to carry a handgun.

## II. ANALYSIS

It is unlawful in the State of New Jersey for any person to knowingly possess a handgun without first having obtained a permit to carry the weapon. N.J.S.A. 2C:39-5(b). A permit to carry a handgun may only be granted if a Superior Court Judge finds that the applicant:

> [1] is a person of *good character* who is not subject to any of the disabilities set forth in section 2C:58-3(c), [2] that he is thoroughly *familiar with the safe handling* and use of handguns, and [3] that he has a *justifiable need* to carry a handgun. N.J.S.A. 2C:58-4(d) (emphasis added).

Notwithstanding the provisions of N.J.S.A. 2C:39-5(b), one who fulfills an exemption of N.J.S.A. 2C:39-6 may carry a handgun without a permit. The exemptions include "[m]embers of the Armed Forces of the United States or the National Guard while actually on duty" as well as "Federal law enforcement officers." N.J.S.A. 2C:39-6(a)(1) & (2). If a person does not fit within an exemption, then he may only lawfully carry a handgun if he first obtains a carrying permit by fulfilling the requirements of N.J.S.A. 2C:58-4(d). Here, all parties and the Court concede that Piszczatoski has established his proficiency in the safe handling and use of handguns as well as his good moral character and lack of statutory disabilities. However, the

Court finds that Piszczatoski has not established the justifiable need necessary to grant him a gun carrying permit.

*A. Justifiable Need*

Piszczatoski asserts that he has demonstrated justifiable need to carry a handgun because of the FBI alert and because of his fear of unlawful arrest by uneducated police officers. The Court finds that neither of these reasons is enough to establish justifiable need.

Justifiable need is a very high standard and requires a showing of specific, direct, and serious threats to one's physical safety as opposed to general fears. In 1971, the New Jersey Supreme Court stated that justifiable need could be demonstrated only by "[o]ne whose life is in real danger, as evidenced by serious threats or earlier attacks...but one whose concern is with the safety of his property, protectible by other means, clearly may not so qualify." Siccardi v. State of New Jersey, 59 N.J. 545, 557 (1971) (finding no justifiable need where a movie theater manager carried large sums of money through high crime areas and who had received a few personal threats). The 1990 New Jersey Supreme Court elaborated that, when analyzing justifiable need,

> the court must determine (1) that the applicant in the course of performing statutorily-authorized duties, is subject to a substantial threat of serious bodily harm; and (2) that carrying a handgun is necessary to reduce the threat of unjustifiable serious bodily harm to any person. In re Preis, 118 N.J.564, 576-77 (1990) (finding no justifiable need where a tug boat company wished to have an armed security guard after the company was threatened when a tug boat window was shot).

In support of this conservative approach, the Court has pointed to "the Legislature's policy of strict gun control" as well as the snowball-like effect that would occur if it were to grant carrying

permits to large classes of individuals simply by virtue of their membership in a class[1]. In re Borinsky, 363 N.J. Super. 10, 27 (App. Div. 2003).

Here, the FBI alert does not establish justifiable need because although Piszczatoski showed that one year ago he was one of the recipients of the alert, he was not specifically named in the threat nor has he provided any additional information which would indicate that the threat directly related to him. Should the Court find justifiable need to grant Piszczatoski an unrestricted permit to carry a handgun, then it also would have grounds to grant permits to every other recipient of the FBI alert, which included every individual employed in a given FBI office, from janitors to field agents. Given the restrictive nature of New Jersey's gun control scheme, it would contravene the Legislature's strict gun control policy for the Court to find justifiable need based on a non-specific threat that was made to such a large group one year ago. As such, despite Piszczatoski's assertion that he believes the FBI alert is very specific and serious, the Court finds that this is the type of general threat that does not constitute justifiable need.

In addition, the Court finds that Piszczatoski's fear of being wrongfully arrested by uneducated police officers for carrying a handgun pursuant to his qualification[2] for the statutory exemption is a generalized fear and does not rise to the level of justifiable need. Piszczatoski asserts that because two of his Coast Guard colleagues have been wrongfully arrested in the past, it is possible that such an arrest could happen to him one day. The Court finds that Piszczatoski's fear is merely hypothetical because he has not provided any concrete information

[1] It should be noted that, in 1993, the New Jersey Supreme Court found that an ordinance requiring certain Newark security officers to carry handguns could support justifiable need for all security guards required to carry under the statute. In its opinion, the Court acknowledged that although its ruling might allow "many persons in Newark [to be] able to demonstrate justifiable need for armed protection," it cautioned that this "regrettable circumstance does not allow a departure from the standard we announced only recently in Preis." 515 Associates v. City of Newark, 132 N.J. 180, 196 (1993).

[2] In his Brief, Piszczatoski asserts that he qualifies to carry a handgun without a permit at all times under N.J.S.A. 2C:36-6(a)(2) because his position with the United States Coast Guard makes him a federal law enforcement officer. At this time, this Court makes no finding regarding this assertion or whether Piszczatoski qualifies for this or any of the statutory exemptions.

indicating that he is specifically susceptible to wrongful arrest. In addition, should the Court apply Piszczatoski's logic, then every person who qualifies under any of the statutory carrying permit exemptions of N.J.S.A. 2C:39-6 should be granted unrestricted carrying permits because they, too, could be wrongfully arrested by uneducated police officers. This is a result that clearly goes against the Legislature's intent for New Jersey's gun control scheme. Furthermore, Piszczatoski's fear of wrongful arrest can be alleviated by means other than granting him an unrestricted permit to carry a handgun. For example, at oral argument the State suggested that Piszczatoski could avoid wrongful arrest by carrying a copy of N.J.S.A. 2C:39-6, the exemption statute, with him while carrying a handgun. For these reasons, the Court finds that Piszczatoski's fear of unlawful arrest is a general fear and does not fulfill the justifiable need standard.

In summary, the Court finds that neither the FBI alert nor Piszczatoski's fear of wrongful arrest provides justifiable need to grant Piszczatoski an unrestricted permit to carry a handgun in the State of New Jersey[3].

*B. Constitutionality of New Jersey's Gun Control Scheme*

Piszczatoski next argues that if the Court denies his permit to carry a handgun based on a failure to show justifiable need, then he should nonetheless be granted a permit because the justifiable need standard is unconstitutional as it violates the Second and Fourteenth Amendments of the United States Constitution. The Court finds that Piszczatoski's argument is without merit because the justifiable need standard does not violate the Second and Fourteenth Amendments of the United States Constitution.

The Second Amendment of the United States Constitution guarantees that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep

[3] Piszczatoski also argues in his Brief that he has a justifiable need to carry a handgun to protect himself and his family from criminals and terrorists because New Jersey is "not safe." The Court also rejects that argument as being a general fear which would fail under In re Preis, 118 N.J. 264 (1990).

and bear arms shall not be infringed." In 2008, the United States Supreme Court took the first step towards applying this right to the States through the Fourteenth Amendment when it held that the Second Amendment protects a person's right to possess handguns within the home for the purpose of protection in the District of Columbia. District of Columbia v. Heller, 128 S.Ct. 2783 (2008). The Supreme Court took the next step in 2010 when it applied the same narrow right to all of the States. McDonald v. City of Chicago, 130 S.Ct. 3020, 3050 (2010) ("In Heller, we held that the Second Amendment protects the right to possess a handgun in the home for the purpose of self defense.").

Here, Piszczatoski sets forth an argument that Heller and McDonald should be interpreted to invalidate New Jersey's gun control scheme because the justifiable need standard violates the Second and Fourteenth Amendments of the United States Constitution. Piszczatoski first states that the right to carry a handgun outside of one's home is protected by the Second Amendment. Next, Piszczatoski argues that strict scrutiny should be applied to any State law restricting this right and that New Jersey's requirement of justifiable need does not pass Constitutional muster under the strict scrutiny analysis.

This court rejects Piszczatoski's argument that Heller and McDonald should be interpreted to include the unrestricted right to carry a handgun as falling within the scope of the Second Amendment. In both decisions, the United States Supreme Court focused on an individual's right to possess firearms *in his home* and both opinions made it clear that these decisions were not meant to guarantee an unrestricted right to bear arms. The Supreme Court stated in Heller, "[l]ike most rights, the right secured by the Second Amendment is not unlimited. . . . [T]he right was not a right to keep and carry any weapon whatsoever in any manner whatsoever for whatever purpose. . . . [N]othing in our opinion should be taken to cast doubt on

longstanding prohibitions on possession . . . in sensitive places." Heller, 554 at 678. Because the United States Supreme Court has only held that the Second Amendment protects one's right to possess a weapon for self protection within his own home, this Court finds that the justifiable need standard as applied to one's right to carry a handgun outside of the home does not violate the Second Amendment's protection and thus the justifiable need standard is Constitutional.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Piszczatoski's application for an unrestricted permit to carry a handgun because he has not established justifiable need for such a permit and because the justifiable need standard is Constitutional. A form of Order is attached hereto.

**DATED: November 3, 2010**

**RUDOLPH A. FILKO**
**JUDGE SUPERIOR COURT**