UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. MULLER, et al., | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | |
| v. | CIVIL ACTION No. 10-cv-6110-WHW-CCC |
| THE HON. PHILIP J. MAENZA, in his Official Capacity as Judge of the Superior Court of Morris County; et al., | Motion Date: March 21, 2011 |
| Defendants. | Electronically Filed |

**BRIEF ON BEHALF OF STATE DEFENDANTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF STATE DEFENDANTS' CROSS-MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants Paula T. Dow, Colonel Rick Fuentes, Hon. Philip J. Maenza, Hon. Rudolph A. Filko, Hon. Edward A. Jerejian, Hon. Thomas V. Manahan
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112

Gregory A. Spellmeyer
Deputy Attorney General, Division of Law
gregory.spellmeyer@dol.lps.state.nj.us
(609) 984-9504
On the Brief

**<u>TABLE OF CONTENTS</u>**

<u>PAGE</u>

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE MATTER INVOLVED and PROCEDURAL HISTORY. . . . . 2

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 9

POINT I

    PLAINTIFFS ANJRPC AND SAF DO NOT HAVE STANDING, AND THEIR
    CLAIMS SHOULD BE DISMISSED. . . . . . . . . . . . . . . 10

POINT II

    THIS COURT SHOULD DENY PLAINTIFFS' MOTION FOR SUMMARY
    JUDGMENT AND GRANT DEFENDANTS' MOTION TO DISMISS
    PLAINTIFFS' COMPLAINT BECAUSE THE CHALLENGED PROVISIONS
    OF <u>N.J.S.A.</u> 2C:58-4 ARE CONSTITUTIONAL. . . . . . . . . 11

    A.   The Challenged Provisions Do Not Implicate the
        Second Amendment Right to Possess a Handgun in
        One's Home for Purposes of Self-Defense and Thus
        Are Presumptively Valid or Pass Rational Basis
        Review. . . . . . . . . . . . . . . . . . . . . . 12

        1.   The Second Amendment Does Not Encompass a
            Right to Carry a Handgun Beyond One's Home. . . 13

        2.   The Challenged Provisions Are Presumptively
            Lawful or Pass Rational Basis Review. . . . . . 18

    B.   Alternatively, Even If the Challenged Provisions
        Implicate a Protected Second Amendment Right, They
        Satisfy Any Standard of Review. . . . . . . . . . 19

        1.   The Reasonable Regulation Test Is the
            Appropriate Standard of Review. . . . . . . . 20

        2.   The Challenged Provisions Satisfy Any Standard
            of Review. . . . . . . . . . . . . . . . . . . 25

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 30

# TABLE OF AUTHORITIES

CASES CITED

Ashcroft v. Iqbal, 129 U.S. 1937 (2009).. . . . . . . . . . . 9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).. . . . 9,10

Burton v. Sills, 53 N.J. 86 (1968). . . . . . . . . . . . . 24

Conley v. Gibson, 355 U.S. 41 (1957). . . . . . . . . . . . 9

District of Columbia v. Heller, 554 U.S. 570 (2008).. . . passim

Dorr v. Weber,
2010 U.S. Dist. LEXIS 48950 (N.D. Iowa May 18, 2010). . . . . 17

Ezell v. City of Chicago,
2010 U.S. Dist LEXIS 108341 (N.D. Ill. Oct. 12, 2010).. . . . 12

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,
528 U.S. 167 (2000).. . . . . . . . . . . . . . . . . . . . 11

Heller v. District of Columbia,
698 F. Supp.2d 179 (D.D.C. 2010). . . . . . . . . . . . . 12,21

In re Application of "X", 59 N.J. 533 (1971). . . . . . . . . 4

In re Borinsky, 363 N.J. Super. 10 (App. Div. 2003).. . . . . 4

In re Factor, 2010 N.J. Super. Unpub. LEXIS 865,
(App. Div. Apr. 21, 2010).. . . . . . . . . . . . . . . . 17,25

In re Preis, 118 N.J. 564 (1990). . . . . . . . . . . . . . 2-4

Kelley v. Johnson, 425 U.S. 238 (1976). . . . . . . . . . . 1,27

Mack v. United States, 6 A.3d 1224 (D.C. 2010). . . . . . . 17

McDonald v. City of Chicago, 130 S. Ct. 3020 (2010).. 1,13,20,22

McTernan v. City of York, 577 F.3d 521 (3d Cir. 2009).. . . . 9

Mosby v. Devine, 851 A.2d 1031 (R.I. 2004). . . . . . . . 21,25

People v. Dawson, 403 Ill. App. 3d 499
(Ill. App. Ct. 1st Dist.), appeal denied,
2010 Ill. LEXIS 1790 (Ill. Nov. 24, 2010).. . . . . . . . . 17

## <u>TABLE OF AUTHORITIES</u>

PAGE

CASES CITED

<u>People v. Flores</u>, 169 <u>Cal. App.</u>4th 568
(Cal. App. 4th Dist. 2008), <u>review denied</u>,
2009 Cal. LEXIS 2979 (2009). . . . . . . . . . . . . . . . . 18

<u>Peruta v. County of San Diego</u>,
2010 U.S. Dist. LEXIS 130878
(S.D. Cal. Dec. 10, 2010). . . . . . . . . . 16,19,21,22,23,25,27,29

<u>Phillips v. County of Allegheny</u>,
515 <u>F.</u>3d 224 (3d Cir. 2008). . . . . . . . . . . . . . . . . 9,10

<u>Reilly v. State</u>, 59 <u>N.J.</u> 559 (1971). . . . . . . . . . . . . . 4

<u>Robertson v. Baldwin</u>, 165 <u>U.S.</u> 275 (1897). . . . . . . . . . 17,25

<u>Siccardi v. State</u>, 59 <u>N.J.</u> 545 (1971). . . . . . 2,4,5,18,19,24,27

<u>State v. Knight</u>, 218 <u>P.</u>3d 1177 (Kan. Ct. App.  2009). . . . . 18

<u>Summers v. Earth Island Inst.</u>, 129 <u>S. Ct.</u> 1142 (2009). . . . . 10

<u>United States v. Carolene Prods. Co.</u>, 304 <u>U.S.</u> 144 (1938). . . 13

<u>United States v. Marzzarella</u>,
614 <u>F.</u>2d 85 (3d Cir. 2010). . . . . . . . . . 12,18,20,21,23,26

<u>United States v. Salerno</u>, 481 <u>U.S.</u> 739 (1987). . . . . . . . . 10

<u>United States v. Williams</u>, 616 <u>F.</u>3d 685 (7th Cir. 2010). . . . 21

<u>Wash. State Grange v. Wash. State Republican Party</u>,
552 <u>U.S.</u> 442 (2008). . . . . . . . . . . . . . . . . . . . 10

<u>Williams v. State</u>, ___ <u>A.</u>3d ___,
2011 Md. LEXIS 1 (Md. Jan. 5, 2011). . . . . . . . . . . . 17,25

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

STATUTES CITED

<u>N.J.S.A.</u> 2A:151-44. . . . . . . . . . . . . . . . . . . .   24

<u>N.J.S.A.</u> 2C:58-3c.. . . . . . . . . . . . . . . . . . . . 3

<u>N.J.S.A.</u> 2C:58-4. . . . . . . . . . . . . . . 3,5,6,8,10,24

<u>N.J.S.A.</u> 2C:58-4d . . . . . . . . . . . . . . . . . . . . 3

<u>N.J.S.A.</u> 2C:58-4c,d . . . . . . . . 3,5,6,7,10,11,18,20,25,26,27

<u>N.J.S.A.</u> 2C:58-4e . . . . . . . . . . . . . . . . . . . . 4

REGULATIONS CITED

<u>N.J.A.C.</u> 13:54-2.1 to -2.10.. . . . . . . . . . . . . .   24

<u>N.J.A.C.</u> 13:54-2.3(a).. . . . . . . . . . . . . . . . . . 7

<u>N.J.A.C.</u> 13:54-2.4(d)1. . . . . . . . . . . . . . . . . 3,7

<u>N.J.A.C.</u> 13:54-2.5. . . . . . . . . . . . . . . . . . . . 7

<u>N.J.A.C.</u> 13:54-2.7(a).. . . . . . . . . . . . . . . . . . 3

<u>N.J.A.C.</u> 13:54-2.7(b).. . . . . . . . . . . . . . . . . . 7

<u>N.J.A.C.</u> 13:54-2.8. . . . . . . . . . . . . . . . . . . . 4

RULES CITED

<u>Fed. R. Civ. P.</u> 12(b)(6). . . . . . . . . . . . . . . . 8,9

<u>Fed. R. Civ. P.</u> 56. . . . . . . . . . . . . . . . . . . . 8

<u>R.</u> 2:2-3. . . . . . . . . . . . . . . . . . . . . . . . . 4

- iv -

## <u>PRELIMINARY STATEMENT</u>

New Jersey's requirement that a person have a justifiable need in order to carry a handgun beyond his home is a constitutionally permissible regulatory measure to combat the dangers and risks associated with the misuse and accidental use of handguns which are borne, not only by the person seeking the permit, but by the citizenry he encounters.  A government's foremost function is to ensure the safety of all of its citizenry.  <u>See</u> <u>Kelley v. Johnson</u>, 425 <u>U.S.</u> 238, 247 (1976).  The right protected by the Second Amendment is not unlimited and heretofore has been held to protect the right to possess a handgun in one's home for purposes of self-defense.  <u>District of Columbia v. Heller</u>, 554 <u>U.S.</u> 570, 595, 628 (2008); <u>see also</u> <u>McDonald v. City of Chicago</u>, 130 <u>S. Ct.</u> 3020, 3050 (2010).  New Jersey's justifiable need requirement for the issuance of a permit to carry does not implicate this right.  Further, even if it did implicate a protected Second Amendment right, the justifiable need requirement is a permissible, reasonable regulatory measure that protects and promotes the public safety.

Plaintiffs seek to greatly expand the right actually recognized by the Supreme Court to include a right to carry a handgun beyond one's home.  This Court should deny such expansion because it has been implicitly rejected by the Supreme Court and is not warranted.  In <u>Heller</u>, the Supreme Court suggested that the Second Amendment does not prohibit a complete prohibition against the carrying of handguns.  Even if a right to carry exists, New

Jersey regulates but does not prohibit such carrying. The justifiable need standard affords Plaintiffs the ability to carry a handgun upon their demonstration of a need to do so. It is a constitutional and integral component of New Jersey's carefully considered and long-standing scheme to reasonably regulate firearms in the furtherance of public safety.

## STATEMENT OF THE CASE and PROCEDURAL HISTORY

New Jersey's gun-control laws are a "'careful grid' of regulatory provisions." In re Preis, 118 N.J. 564, 568 (1990) (citation omitted). They "draw careful lines between permission to possess a gun in one's home or place of business . . . and permission to carry a gun . . . . The permit to carry a gun is the most closely-regulated aspect of gun-control laws." Id. at 568.

> The New Jersey Legislature has long been aware of the dangers inherent in the carrying of handguns and the urgent necessity for their regulation. As early as 1882 it prohibited the carrying of guns by youngsters and [in 1924] it directed that no persons (other than those specifically exempted such as police officers and the like) shall carry handguns except pursuant to permits issuable only on a showing of "need."
>          * * *
> During the period between the passage of the 1924 statute and the [1966] Gun Control Law, there were many enactments affecting firearms but none of them changed the requirement that "need" must be shown for the issuance of a permit to authorize the carrying of a handgun.
>
> [Siccardi v. State, 59 N.J. 545, 553-54 (1971) (internal citations omitted).]

The Legislature's deep concern about the carrying of handguns is such that only a judge may issue a permit, after an applicant has first obtained approval from the local police chief or the Superintendent of the New Jersey State Police.  In re Preis, 118 N.J. at 569 (citing Siccardi, 59 N.J. at 553).

N.J.S.A. 2C:58-4c,d condition the approval of an application for a permit to carry upon the applicant demonstrating "that he is not subject to any of the disabilities set forth in [N.J.S.A.] 2C:58-3c, that he is thoroughly familiar with the safe handling and use of handguns, and that he has a justifiable need to carry a handgun."  Also, "[t]he court may at its discretion issue a limited-type permit which would restrict the applicant as to the types of handguns he may carry and where and for what purposes such handguns may be carried."  N.J.S.A. 2C:58-4d.  The implementing regulations, in relevant part, state that an applicant's written certification of justifiable need to carry a handgun "[i]n the case of a private citizen shall specify in detail the urgent necessity for self-protection, as evidenced by specific threats or previous attacks which demonstrate a special danger to the applicant's life that cannot be avoided by means other than by issuance of a permit to carry a handgun."  N.J.A.C. 13:54-2.4(d)1.  "Upon being satisfied of the sufficiency of the application and the fulfillment of the provisions of [N.J.S.A. 2C:58-4], the judge shall issue a permit."  N.J.A.C. 13:54-2.7(a) (emphasis added).

- 3 -

The New Jersey courts remain available to make a record on each application and make informed and reasoned decisions on whether each applicant has demonstrated a justifiable need for the issuance of a permit to carry a handgun.  See In re Preis, 118 N.J. at 577-78; Reilly v. State, 59 N.J. 559 (1971); In re Application of "X", 59 N.J. 533 (1971); see also N.J.S.A. 2C:58-4e (providing appeal to New Jersey Superior Court from denial by police chief or Superintendent and providing appeal from determination of judge of Superior Court); N.J.A.C. 13:54-2.8 (providing appeal to New Jersey Superior Court from denial by police chief or Superintendent and providing appeal from determination of judge of Superior Court); R. 2:2-3 (providing right of appeal to New Jersey Superior Court, Appellate Division from determination of judge of Law Division). "[E]ach application must be dealt with on its own merits, on a case-by-case basis."  In re Borinsky, 363 N.J. Super. 10, 26 (App. Div. 2003).

New Jersey's carefully conceived and long-standing regulatory scheme is rooted in an appreciation that a permit to carry may not afford any measure of self-protection to a particular applicant and would instead increase the risk of the applicant being involved in "the known and serious dangers of misuse and accidental use." Siccardi, 59 N.J. at 558.  When a handgun is carried in public, the serious risks and dangers of misuse and accidental use are borne by the public.  As the New Jersey Supreme Court has recognized:

- 4 -

"Surely such widespread handgun possession in the streets, somewhat reminiscent of frontier days, would not be at all in the public interest."[1]  Id.

Plaintiffs filed a complaint on November 22, 2011.  See Docket Entry #1, Complaint.  The eight plaintiffs are a rifle-and-pistol club (the Association of New Jersey Rifle and Pistol Clubs "ANJRPC"); a non-profit member organization (the Second Amendment Foundation "SAF") that promotes both the exercise of the right to keep and bear arms and education, research, publishing, and legal action focusing on this issue; and six persons (Jeffrey M. Muller, Daniel J. Piszczatoski, John M. Drake, Gregory C. Gallaher, Lenny S. Salerno, and Finley Fenton) who sought and were denied a permit to carry a handgun pursuant to N.J.S.A. 2C:58-4 because they failed to demonstrate a justifiable need for such.  See Docket Entry #1, Complaint ¶¶ 10 to 17, 30 to 89.

No individual plaintiff is alleged to be a member of ANJRPC. Further, ANJRPC does not identify any member of ANJRPC who was denied a permit to carry on the ground that the member did not demonstrate a justifiable need as required by N.J.S.A. 2C:58-4c,d. See Complaint, District Docket Entry # 1.  Similarly, no individual plaintiff is alleged to be a member of SAF, and SAF does not identify any member of SAF who was denied a permit to carry on the

_____

[1]Plaintiffs here endorse even greater handgun possession in the streets than that upon which the New Jersey Supreme Court was commenting.

ground that the member did not demonstrate a justifiable need as required by N.J.S.A. 2C:58-4c,d. See Complaint, District Docket Entry # 1.

Named defendants are the State defendants (the Attorney General of New Jersey, the Superintendent of the New Jersey State Police, and four judges of the Superior Court of New Jersey, the Honorable Philip J. Maenza, the Honorable Rudolph A. Filko, the Honorable Edward A. Jerejian, and the Honorable Thomas V. Manahan), Police Chief Frank Ingemi, and Police Chief Richard Cook. Each judge, each police chief, and the superintendent denied at least one of the individual plaintiffs a permit to carry a handgun pursuant to N.J.S.A. 2C:58-4 because that person did not demonstrate a justifiable need. See Docket Entry #1, Complaint ¶¶ 30 to 89. All defendants are named in their official capacities. No defendant is named in his or her individual capacity. See Docket Entry #1, Complaint ¶¶ 18 to 26. No compensatory damages are sought. See Docket Entry #1, Complaint, pp. 19-20 Prayer for Relief.

Plaintiffs' complaint presents a facial constitutional challenge to aspects of N.J.S.A. 2C:58-4c,d. See District Docket Entry #1, Complaint ¶9. See also District Docket Entry #12-1, Plaintiffs' Proposed Order. Plaintiffs contend that "[t]he Handgun Permit Laws are facially invalid under the Second and Fourteenth Amendments . . . in that, and to the extent that, they: (a) vest

- 6 -

state officials with uncontrolled discretion to deny Permits to Carry; and (b) require citizens to show 'justifiable need' and 'urgent necessity' to obtain Permits to Carry."   See Docket Entry #1, Complaint ¶ 9.

Plaintiffs seek, in part, the following relief.  They seek declaratory judgment that N.J.S.A. 2C:58-4c,d, and N.J.A.C. 13:54-2.3(a), N.J.A.C. 13:54-2.4(d)(1), N.J.A.C. 13:54-2.5, and N.J.A.C. 13:54-2.7(b) "are facially invalid in and to the extent that they vest officials with discretion to withhold approval of, or to limit or restrict, permits to carry handguns or applications for same . . . ." They seek declaratory judgment that N.J.S.A. 2C:58-4c,d and N.J.A.C. 13:54-2.4(d)(1) "are facially invalid in that and to the extent that they allow officials to withhold approval of, or to limit or restrict, permits to carry handguns or applications for same on the ground that applicants lack 'justifiable need' . . . ." See District Docket Entry #12-1, Plaintiffs' Proposed Order, ¶¶ 2-3.  They also seek an order that defendants approve the applications of the individual plaintiffs and that defendants refrain from enforcing the above statutes and regulations "so as to deny, restrict, or limit permits to carry handguns or applications for same on the ground that an applicant does not have 'justifiable need to carry a handgun' or 'urgent necessity for self-protection,' or for any reason other than those (other) reasons that are specifically codified in the statutes and regulations of the State

of New Jersey. . . ."[2]   <u>See</u> District Docket Entry #12-1, Plaintiffs' Proposed Order, ¶6.

The State defendants (the Attorney General of New Jersey, the Superintendent of the New Jersey State Police, and the four judges) submit this brief in support of their cross-motion to dismiss plaintiffs' complaint pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6) for its failure to state a claim upon which relief can be granted. This brief is also submitted in opposition to plaintiffs' motion for summary judgment. <u>See</u> District Docket Entries #12-22.

For purposes of plaintiffs' motion for summary judgment, these defendants do not accept the allegations within plaintiffs' complaint as true. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶6. Also, certain paragraphs within plaintiffs' statement of material facts are not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving these motions. <u>See</u> Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts. Further as to plaintiffs' motion for summary judgment, these defendants dispute certain of plaintiffs' statement of material facts pursuant to <u>Fed. R. Civ. P.</u> 56(d) because facts are unavailable to these defendants at this time.

---

[2]Defendants oppose this relief, in part, on the ground that even if the justifiable need standard were determined to be unconstitutional, there is no record that any plaintiff satisfies the other requisites for the issuance of a permit to carry pursuant to <u>N.J.S.A.</u> 2C:58-4.   <u>See</u> Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts.

This matter has been open only since November 22, 2010, no discovery has yet been undertaken, and fact-sensitive state court proceedings relating or relevant to plaintiffs' applications for permits to carry handguns may either be on-going or potentially available to plaintiffs. <u>See</u> Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts; <u>see also</u> Declaration of Gregory A. Spellmeyer, ¶7.

## **LEGAL ARGUMENT**

A motion to dismiss pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6) may be granted when a plaintiff is not entitled to relief upon accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff. <u>See Phillips v. County of Allegheny</u>, 515 <u>F.</u>3d 224, 231 (3d Cir. 2008). Nonetheless, a plaintiff's allegations must present a plausible claim for relief. <u>McTernan v. City of York</u>, 577 <u>F.</u>3d 521, 530 (3d Cir. 2009) (citing <u>Ashcroft v. Iqbal</u>, 129 <u>U.S.</u> 1937 (2009)). The allegations must present sufficient factual grounds supporting a right to relief which rise above the speculative level such that the claim to relief is plausible on its face. <u>See Bell Atlantic Corp. v. Twombly</u>, 550 <u>U.S.</u> 544, 555, 570 (2007) (abrogating "no set of facts" standard of <u>Conley v. Gibson</u>, 355 <u>U.S.</u> 41, 45-46 (1957)). A plaintiff must provide the grounds for his entitlement to relief, more than labels and conclusions, and a mere recitation of the elements of a cause of action will not suffice to withstand a

motion to dismiss.  Phillips, 515 F.3d at 231 (citing Bell Atlantic Corp., 550 U.S. at 555).

Plaintiffs can only succeed on their facial attack by showing no set of circumstances exist under which the challenged provision would be valid or, in other words, that the provision is unconstitutional in all of its applications.  See Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449 (2008) (citing United States v. Salerno, 481 U.S. 739, 745 (1987)).

**POINT I**

**PLAINTIFFS ANJRPC AND SAF DO NOT HAVE STANDING, AND THEIR CLAIMS SHOULD BE DISMISSED.**

Plaintiffs ANJRPC and SAF do not have standing to bring their claims because they have not alleged sufficient facts to support their position that their members have been denied a permit to carry pursuant to N.J.S.A. 2C:58-4 for their failure to demonstrate a justifiable need.  See Summers v. Earth Island Inst., 129 S. Ct. 1142, 1151 (2009) (organizational standing requires that organization make specific allegation that identified member suffered or imminently would suffer harm).  No individual plaintiff is alleged to be a member of ANJRPC.  Further, ANJRPC does not identify any member of ANJRPC who was denied a permit to carry on the ground that the member did not demonstrate a justifiable need as required by N.J.S.A. 2C:58-4c,d.  See Complaint, District Docket Entry # 1.  Similarly, no individual plaintiff is alleged to be a

member of SAF, and SAF does not identify any member of SAF who was denied a permit to carry on the ground that the member did not demonstrate a justifiable need as required by N.J.S.A. 2C:58-4c,d. See Complaint, District Docket Entry # 1.

Furthermore, the plaintiff organizations are not directly affected by the challenged provisions. They have not suffered an injury to their own interests by the denial to others of the right to carry a handgun. Nor do they, by their stated purposes (promotion of the interests of outdoors people and promotion of Second Amendment rights generally), have a sufficient interest or link to the challenged provisions. Whether individual members are able to demonstrate justifiable need is not sufficiently germane to the organizations' interests to give them standing. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 181 (2000). Because Plaintiffs ANJRPC and SAF do not have standing, their claims should be dismissed.

### POINT II

**THIS COURT SHOULD DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT BECAUSE THE CHALLENGED PROVISIONS OF N.J.S.A. 2C:58-4 ARE CONSTITUTIONAL.**

Plaintiffs' complaint should be dismissed because the challenged provisions of N.J.S.A. 2C:58-4c,d do not implicate the Second Amendment protected right to possess a handgun in one's home, and therefore, they are presumptively valid and pass the

applicable rational basis review.  Alternatively, even if the provisions were found to implicate a right protected by the Second Amendment, the reasonable regulation test is the appropriate standard of review, and the provisions satisfy this standard. Finally, even if the provisions were subjected to intermediate or strict scrutiny, they survive.  In sum, the challenged provisions are constitutional, and Plaintiffs' complaint should be dismissed because it fails to state a claim upon which relief can be granted.

**A.   The Challenged Provisions Do Not Implicate the Second Amendment Right to Possess a Handgun in One's Home for Purposes of Self-Defense and Thus Are Presumptively Valid or Pass Rational Basis Review.**

In <u>Heller</u>, the Supreme Court stated that certain firearm regulations were presumptively lawful because they did not fall within the scope of the Second Amendment.  554 <u>U.S.</u> at 626. Following this, the Third Circuit stated that if a challenged law does not burden conduct falling within the scope of the Second Amendment, "our inquiry is complete."  <u>United States v. Marzzarella</u>, 614 <u>F.</u>2d 85, 89 (3d Cir. 2010).  <u>See also</u> <u>Heller v. District of Columbia</u>, 698 <u>F. Supp.</u>2d 179, 188 (D.D.C. 2010) (if challenged provision does not implicate core Second Amendment right, court will uphold regulation); <u>Ezell v. City of Chicago</u>, 2010 U.S. Dist LEXIS 108341, at *18 (N.D. Ill. Oct. 12, 2010) (declining to adopt intermediate scrutiny where firing range ban did not categorically prohibit individual from possessing firearm).

- 12 -

Thus, laws regulating firearms that do not implicate the Second Amendment right to possess a handgun in one's house for purposes of self-defense are presumptively valid. Alternatively, rational basis review applies to regulations that do not implicate the Second Amendment right to possess a handgun in one's house for purposes of self-defense. See Heller, 554 U.S. at 628 n.27 (rational basis review applies to legislation that does not regulate a specific, enumerated right) (citing United States v. Carolene Prods. Co., 304 U.S. 144, 152 n.4 (1938)).

> **1.    The Second Amendment Does Not Encompass a Right to Carry a Handgun Beyond One's Home.**

"In Heller, [the Court] held that the Second Amendment protects the right to possess a handgun in the home for the purpose of self-defense." McDonald, 130 S. Ct. at 3050. The Second Amendment protects in particular the right to keep a handgun in one's home "where the need for defense of self, family, and property is most acute." Heller, 554 U.S. at 628. Contrary to Plaintiffs' assertion (Plaintiffs' Brief, Point I, pp.12-18), the Court was clear that it was not pronouncing anything more than "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." Other issues as to what the scope of the right did encompass would be left for "future evaluation." Id. at 635. Given this context, if -- as Plaintiff's contend (Plaintiffs' Brief p.15) -- the Court understood that it was recognizing a right

to carry a handgun beyond one's home, it could have and would have said so.  It did not.

However, the Court did comment on what the scope of the right did not encompass and on the limitations and permissible reasonable regulation of the right.  It stated that "[o]f course, the right [is] not unlimited" and "[t]hus, we do not read the Second Amendment to protect the right of citizens to carry arms for <u>any sort</u> of confrontation, just as we do not read the First Amendment to protect the right of citizens to speak for <u>any purpose</u>." <u>Id.</u> at 595 (emphasis in original).

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

> [<u>Id.</u> at 626-627 (internal citations omitted).]

In this passage, the Court specifically cites prohibitions against carrying concealed firearms as an "example" of the

- 14 -

limitation of the Second Amendment.   The Court referred to these regulations "as presumptively lawful regulatory measures" and not exhaustive of the potential regulation of firearms.[3]   Id. at 627 n.26.   The Court also referred to these permissible and historically justified regulations as tools available against the problem of handgun violence.   Id. at 635, 636.   Therefore, New Jersey's requirement of a permit to carry a handgun beyond one's home, which is a mere regulation rather than a prohibition, does not implicate the Second Amendment and is presumptively lawful.

Plaintiffs read the Court's reference to laws prohibiting the carrying of firearms in sensitive places to be exactly what the Court said it was not, an exhaustive list. (Plaintiffs' Brief, p.16).   Further, it ignores the Court's reference to prohibitions on the concealed carry of handguns as an "example" of the limitation of the Second Amendment.   Finally, there is no indication that the Court coupled or associated, much less rationalized, that prohibition as presupposing the existence of a general right to carry handguns.   Given its statement that it was leaving the affirmative scope of the Second Amendment to another

---

[3]Indeed, Justice Breyer's dissent stated the "majority implicitly, and appropriately, . . . approv[ed] a set of laws" including "prohibitions on concealed weapons . . . ." Heller, 554 U.S. at 688.   Throughout the majority's rebuttal to Justice Breyer's dissent and even its specific discussion of this aspect of Justice Breyer's dissent -- where the Court itself refers to the regulations that it has described as permissible -- it does not reject this conclusion. Heller, 554 U.S. at 628 n.27, 634-35.

day, there is no basis to speculate that it would have "presupposed" the existence of such a right without stating so, and further, without actually and specifically pronouncing such right. Also, contrary to Plaintiffs' assertion, the District Court in Peruta v. County of San Diego did not uphold California's concealed-handgun law on the rationale that the law did not raise constitutional concerns because California still permitted unlicensed handguns in plain view. Rather, it did not determine whether the law infringed the Second Amendment because the law passed "constitutional muster even if it burdens protected conduct . . . ." Peruta v. County of San Diego, 2010 U.S. Dist. LEXIS 130878, at *19 (S.D. Cal. Dec. 10, 2010).

The justifiable need requirement of N.J.S.A. 2C:58-4c,d does not implicate the Second Amendment right to possess a handgun in one's home for purposes of self-defense. It combats the serious risks and dangers of misuse and accidental use, inherent with carrying firearms and which are borne by the public, without implicating the Second Amendment. It has no bearing on and does not affect the right to possess a handgun in one's home for self-defense. Plaintiffs do not argue to the contrary.

Plaintiffs' argument is based upon the incorrect and rebutted premise that the right protected by the Second Amendment extends to carrying a handgun beyond one's home. As discussed above, the Supreme Court has not pronounced or suggested such an expansive

view.  To the contrary, it has cited prohibitions on carrying concealed firearms as an "example" that demonstrates that the scope of the Second Amendment is limited.  Accordingly, it does not encompass a right to carry a handgun beyond one's home, and the challenged provisions do not implicate the Second Amendment.  See Robertson v. Baldwin, 165 U.S. 275, 281-82 (1897) (laws prohibiting concealed carrying of weapons does not infringe the Second Amendment); Dorr v. Weber, 2010 U.S. Dist. LEXIS 48950 (N.D. Iowa May 18, 2010) ("The Court's recognition, in Heller, that prohibitions on carrying concealed weapons were lawful was in full accord with long-standing Supreme Court precedent."); Williams v. State, ___ A.3d ___, 2011 Md. LEXIS 1, at *2 (Md. Jan. 5, 2011) (holding that Maryland law "which prohibits wearing, carrying, or transporting a handgun, without a permit and outside of one's home, is outside of the scope of the Second Amendment"); People v. Dawson, 403 Ill. App. 3d 499, 508 (Ill. App. Ct. 1st Dist.) ("Heller specifically limited its ruling to interpreting the amendment's protection of the right to possess handguns in the home, not the right to possess handguns outside of the home in case of confrontation"), appeal denied, 2010 Ill. LEXIS 1790 (Ill. Nov. 24, 2010); Mack v. United States, 6 A.3d 1224, 1236 (D.C. 2010) ("Heller did not endorse a right to carry weapons outside the home. Nor has the Court done so in its more recent decision in McDonald."); In re Factor, 2010 N.J. Super. Unpub. LEXIS 865, at

*10 (App. Div. Apr. 21, 2010) ("Nothing stated in Heller leads us to conclude that New Jersey may have run afoul of the Second Amendment by prohibiting appellant from carrying a handgun without a permit."); State v. Knight, 218 P.3d 1177, 1189-90 (Kan. Ct. App. 2009) (Heller did not confer "an individual the right to carry a concealed firearm" and "Court considered concealed firearm prohibitions to be presumptively constitutional under the Second Amendment"); People v. Flores, 169 Cal. App.4th 568, 575 (Cal. App. 4th Dist. 2008), review denied, 2009 Cal. LEXIS 2979 (2009) ("Given [the] implicit approval of concealed firearm prohibitions, we cannot read Heller to have altered the courts' longstanding understanding that such prohibitions are constitutional."). See also Marzzarella, 614 F.2d at 89, 92 (recognizing that Court in Heller said that Second Amendment protected right to possess firearm for defense of hearth and home).

### 2. The Challenged Provisions Are Presumptively Lawful or Pass Rational Basis Review.

Because the justifiable need requirement of N.J.S.A. 2C:58-4c,d does not implicate the Second Amendment, it is presumptively lawful and the inquiry ends. However, even if some rational basis for the requirement is warranted, it satisfies this standard because it is a regulatory measure to combat the dangers and risks associated with the misuse and accidental use of handguns. The dangers and risks are borne, not only by the person seeking the permit, but by the citizenry he encounters. Siccardi, 59 N.J. at

558.   See also Peruta, 2010 U.S. Dist. LEXIS 130878, at *25
("unlike possession in the home, carrying a concealed firearm in
public presents a 'recognized threat to public order' and 'poses an
imminent threat to public safety,") (citations omitted).   The
regulation reduces the use of handguns in crimes.  See Peruta, 2010
U.S. Dist. LEXIS 130878 at *26-28.

This Court need not look any further than Heller itself to
conclude that a rational basis exists for the regulation.   The
Court in Heller noted that had the District of Columbia's total ban
of handgun possession in the home been subject to rational basis
review, it would have survived.   Heller, 554 U.S. at 628 n.27.
Similarly, the justifiable need requirement of N.J.S.A. 2C:58-4c,d,
part of a carefully conceived regulatory scheme to address the
dangers associated by carrying guns, Siccardi, 59 N.J. at 553-54,
is rationally related to the compelling governmental interest in
protecting the public safety.

**B.   Alternatively, Even If the Challenged Provisions
Implicate a Protected Second Amendment Right, They
Satisfy Any Standard of Review.**

As shown above, the challenged provisions do not implicate the
right protected by the Second Amendment -- the right to possess a
handgun in one's home for purposes of self-defense.   Even if the
court were to find that they do implicate a right protected by the
Second Amendment, the appropriate standard of review is the

reasonable regulation test. Nevertheless, they satisfy any standard of review.

### 1.   The Reasonable Regulation Test Is the Appropriate Standard of Review.

Assuming, alternatively, that N.J.S.A. 2C:58-4c,d burden a Second Amendment right to carry a handgun beyond one's home, they should be reviewed under the reasonable regulation standard. The Third Circuit has stated that the Second Amendment, like the First Amendment, "can trigger more than one particular standard of scrutiny . . . ." Marzzarella, 614 F.3d at 97 (rejecting strict scrutiny as standard of review for challenge to statute prohibiting possession of handgun with obliterated serial number). The particular standard depends upon the burden imposed by the challenged law and the right protected. Id. Here, the alleged right has not been recognized by the Supreme Court and is not the essential core of the Second Amendment, which the Court made clear is the right to possess a handgun in one's home for the purpose of self-defense. Further, the regulation does not prohibit the carrying of a handgun but affords a person the ability to do so upon demonstration of need.

The reasonable regulation test best fulfills the Supreme Court's pronouncement that States and localities retain legislative freedom to address the problem of handgun violence with reasonable regulations under the Second Amendment. See McDonald, 130 S. Ct. at 3046, 3047, 3050. Moreover, the reasonable regulation test is

the standard most uniformly applied by state courts when they review laws that burden their own state constitutional right to firearms.  See Mosby v. Devine, 851 A.2d 1031, 1044 (R.I. 2004) (citing numerous jurisdictions and stating that "[e]ven in jurisdictions that have declared the right to keep and bear arms to be a fundamental constitutional right, a strict scrutiny analysis has been rejected in favor of a reasonableness test . . . ."). Accordingly, any burden on such alleged right to carry a handgun should be reviewed under the reasonable-regulation test.

Were this court to decline the application of the reasonable regulation test, intermediate scrutiny should be applied.  This conclusion is supported by the body of case law which recently has addressed Second Amendment issues and rejected the application of strict scrutiny (and thus Plaintiffs' position, Plaintiffs' Brief pp.33-40).  United States v. Williams, 616 F.3d 685, 692 (7th Cir. 2010) (statute prohibiting felon from possessing firearm); Marzzarella, 614 F.3d at 97 (statute prohibiting possession of firearm with obliterated serial number); Peruta, 2010 U.S. Dist. LEXIS 130878, at *22-26 (rejecting strict scrutiny in review of challenge to requirement of good cause for permit to carry and noting majority of cases employ intermediate scrutiny); Heller, 698 F. Supp.2d at 187-88 (most courts have held that intermediate standard of review applies to laws implicating core Second Amendment right to possess handgun within home; numerous courts

have noted that strict scrutiny "would not square" with Heller's references to presumptively lawful regulations). The Supreme Court's Heller decision did not hold that strict scrutiny should be applied to review infringements upon the core Second Amendment right to possess a handgun in one's home so there is no basis to apply it here where the core right is not implicated even if a new right to carry a handgun were recognized. "If it exists, the right to carry a loaded handgun in public cannot be subject to a more rigorous level of judicial than the 'core right' to possess firearms in the home for self-defense." Peruta, 2010 U.S. Dist. LEXIS 130878, at *25. (citing Heller, 128 S. Ct. at 2817 and McDonald, 130 S. Ct. at 3036). To do so would be inconsistent with McDonald's assurances that "reasonable" regulations would continue under the Second Amendment. McDonald, 130 S. Ct. at 3046, 3047. "If anything, the opposite is true" and a lesser standard applies because "unlike possession in the home, carrying a concealed firearm in public presents a 'recognized threat to public order' and 'poses an imminent threat to public safety." Peruta, 2010 U.S. Dist. LEXIS 130878, at *25 (citations omitted).

The above reasoning and case law also support rejecting Plaintiffs' contention that the issue here should be placed into a prior restraint framework. (Plaintiffs' Brief pp.19-28). Notably, Plaintiffs fail to identify any decision applying or even discussing the prior restraint framework in this context.

Plaintiffs' contention is, once again, based upon the incorrect and rebutted premise that the right protected by the Second Amendment extends to carrying a handgun beyond one's home.  Moreover, and as addressed further below, the approval of a permit to carry is not based upon unbridled discretion but a determination of whether the standard for such has been satisfied.

Finally, as the court in <u>Marzzarella</u> cautioned, although "the First Amendment is a useful tool in interpreting the Second Amendment . . . the precise standards of scrutiny and how they apply may differ under the Second Amendment."  614 <u>F.</u>3d at 96 n.15. The First Amendment presents concerns that are not presented by the Second Amendment, and its regulation does not necessarily translate into the Second Amendment context.  <u>See</u> <u>Peruta</u>, 2010 U.S. Dist. LEXIS 130878, at *22-26 (rejecting suggestion that translation of First Amendment analysis into Second Amendment context requires application of strict scrutiny to "good cause" requirement for issuance of permit to carry concealed weapon).  The First Amendment is difficult to regulate without materially infringing upon its core rights.  In contrast, the Second Amendment can be regulated to further public safety without materially infringing upon the core right to self-defense in one's home.

Plaintiffs are incorrect in describing the issuance of a permit to carry as being conditioned upon a discretionary determination.  (Plaintiffs' Brief pp. 28-32).  The justifiable

need standard is codified and judiciously applied based upon a factual record developed in accordance with an available hearing. See N.J.S.A. 2C:58-4; N.J.A.C. 13:54-2.1 to -2.10. The New Jersey Supreme Court addressed the standard and the process in Siccardi.

> In Burton v. Sills, supra, 53 N.J. 86, we summarily rejected an attack on the sufficiency of the standard in the section of the Gun Control Law which provides, in part, that no purchase permit or identification card shall be denied except where its issuance "would not be in the interest of the public health, safety or welfare." 53 N.J. at 90-91. Surely the standard of "need" is no less a guidepost than the quoted standard in N.J.S.A. 2A:151-33. As we pointed out in Sills, the safeguards against arbitrary official action are of greater significance than the details in the statutory standard. Those safeguards are found in ample measure in the provisions for hearing before the County Judge and review before the Appellate Division and, where necessary before this Court.
>
> * * *
>
> In prescribing a single application form for the entire State the Legislature pointed toward the proper goal of uniformity in the various counties and municipalities. But since the applications were ultimately being passed on by many individual County Judges there was still great danger of disparate treatment. To reduce this danger the Assignment Judges undertook to designate for each County a single Judge as the issuing authority under N.J.S.A. 2A:151-44.[4]
>
> [Siccardi, 59 N.J. at 555-56, 557 (citation omitted)(internal citations omitted).]

---

[4]N.J.S.A. 2A:151-44 is the predecessor statute to N.J.S.A. 2C:58-4.

This is not the exercise of unfettered subjective discretion nor whimsy.  This is a carefully constructed regulatory scheme bounded by reasonable, identified standards and grounded in due process.

> **2.  The Challenged Provisions Satisfy Any Standard of Review.**

Whatever standard of review is applied, the challenged provisions satisfy them.  See Robertson, 165 U.S. at 281-82 (laws prohibiting concealed carrying of weapons does not infringe the Second Amendment); Peruta, 2010 U.S. Dist. LEXIS 130878, at *26-27 (even if good cause policy for issuing permit to carry concealed firearm burdened Second Amendment right, policy passes constitutional muster); Williams v. State, ___ A.3d ___, 2011 Md. 1, at *2 (Md. Jan. 5, 2011) (Court in McDonald "reiterated that regulatory schemes prohibiting handgun ownership by dangerous individuals, or prohibiting wearing, carrying, or transporting handguns in various public places outside of the home, were permissible"); In re Factor, 2010 N.J. Super. Unpub. LEXIS 865, at *9 ("the United States Supreme Court has not held or even implied that the Second Amendment prohibits laws that restrict carrying of concealed weapons").  The reasonable regulation test asks whether the burden is a reasonable regulation on the right in issue. Mosby, 851 A.2d at 1044.  The justifiable need requirement of N.J.S.A. 2C:58-4c,d satisfies this test because it is a reasonable limitation on any alleged right to carry a handgun.  It does not

- 25 -

prohibit the carrying of a handgun. It affords a person the ability to carry upon demonstration of need. It also combats the dangers and risks associated with the accidental and misuse of handguns, and reduces the use of handguns in crime. For these reasons and for the reasons discussed further below, it satisfies the reasonable regulation standard.

N.J.S.A. 2C:58-4c,d also satisfy the strict and intermediate scrutiny standards even if those standards were applied rather than the reasonable regulation standard. Intermediate scrutiny essentially requires the asserted governmental end to be significant, substantial, or important. Marzzarella, 614 F.3d at 98 (citation omitted). It requires the "fit between the challenged regulation and the asserted objective to be reasonable, not perfect." Id. (citation omitted). Finally, the regulation may not burden more of the right than is reasonably necessary but it need not be the least restrictive means of the serving the government's interest. Id. (citation omitted). Strict scrutiny, in turn, requires that a law be narrowly tailored to serve a compelling government interest. Id. at 97 n.14, 99 (citations omitted). Both of these tests are satisfied here.

New Jersey has not merely a significant interest but a compelling interest in combating handgun violence and combating the dangers and risks associated with the accidental and misuse of handguns, which are inherent in carrying a handgun. It also has a

compelling interest in reducing the use of handguns in crimes.  A
government's foremost function is to ensure the safety of all of
its citizenry.  See Kelley, 425 U.S. at 247.  When handguns are
permitted to be carried beyond one's home, the dangers and risks
necessarily increase and are borne by the public.  See Siccardi, 59
N.J. at 553-54; see also Peruta, 2010 U.S. Dist. LEXIS 130878, at
*25 ("unlike possession in the home, carrying a concealed firearm
in public presents a 'recognized threat to public order' and 'poses
an imminent threat to public safety'") (citations omitted).
N.J.S.A. 2C:58-4c,d precisely fit to serve New Jersey's interest
because it permits New Jersey to assess the corresponding dangers
and risk to the public and to the person seeking to carry a
handgun.  It provides a means to determine whether the increase in
risk and danger borne by the public is justified by a demonstrated
risk and danger borne to the person seeking to carry a handgun.

    N.J.S.A. 2C:58-4c,d do not burden more of the alleged right to
carry a handgun than is necessary.  The justifiable need
requirement directly corresponds to the alleged right to carry a
handgun for self-defense.  The alleged right to carry a handgun is
grounded -- and given Heller's recognition that the need for self-
defense is most acute in one's home, must be grounded -- in a need
for self-defense.[5]  See Heller, 554 U.S. at 628.  Because the

_____

    [5]Plaintiffs do not argue that the alleged right to carry a
handgun is for or founded upon a different purpose.  Further, this
distinguishes at least this aspect of the Second Amendment from the

- 27 -

justifiable need requirement is directly related to an applicant's demonstrated need for a handgun for self-defense, the requirement burdens no more of the right to carry than is necessary.

Plaintiffs' argument that crime is largely random and that the need for a handgun for self-defense is largely unpredictable supports the State's position that the justifiable need standard is a reasonable regulation. (Plaintiffs' Brief pp.37-38). Generally speaking, one cannot know whether crime against an individual will occur at all, much less know when, where, or how. Neither then can one know whether a handgun would provide an effective measure of self-defense and be safe to use as to other victims or bystanders. Further, the "need" for a handgun for self-defense outside of the home does not stand alone. The carrying of a handgun inherently comes with the dangers and risks of its misuse or accidental use. These dangers and risks are borne by everyone with whom the person encounters. The State's compelling interest in their being kept safe from those inherent dangers and risks cannot be ignored or dismissed, and it is simply reasonable, in the face of that interest, to require an applicant to show a justifiable need before subjecting his fellow citizens to them.

The holding of the court in <u>Peruta</u> concerning California's "good cause" requirement is instructive. Its holding was presented in terms of intermediate scrutiny because it found that strict

---

First Amendment analogy.

scrutiny should not apply (to which the State defendants agree). Nevertheless, the State submits that the holding is equally supported in the context of the application of strict scrutiny.

> In this case, Defendant has an important and substantial interest in public safety and in reducing the rate of gun use in crime. In particular, the government has an important interest in reducing the number of concealed weapons in public in order to reduce the risks to other members of the public who use the streets and go to public accommodations. See Zimring Decl. The government also has an important interest in reducing the number of concealed handguns in public because of their disproportionate involvement in life-threatening crimes of violence, particularly in streets and other public places. Id. Defendant's policy relates reasonably to those interests. Requiring documentation enables Defendant to effectively differentiate between individuals who have a bona fide need to carry a concealed handgun for self-defense and individuals who do not.
>
> [Peruta, 2010 U.S. Dist. LEXIS 130878, at *26-27.]

In sum, the justifiable need requirement combats the dangers and risks associated with the misuse and accidental use of handguns which are borne, not only by the person seeking the permit, but by the citizenry he encounters. It is a constitutional and integral component of New Jersey's carefully considered and long-standing scheme to reasonably regulate firearms in the furtherance of public safety.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should dismiss plaintiffs' complaint for its failure to state a claim upon which relief can be granted. Correspondingly, this Court should deny plaintiffs' motion for summary judgment.

Respectfully submitted,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
ATTORNEY FOR THE STATE DEFENDANTS


BY:   /s/ Gregory A. Spellmeyer
      Gregory A. Spellmeyer
      Deputy Attorney General

Dated: January 26, 2011

- 30 -