PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex, P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for Defendants: Paula T. Dow, Colonel Rick Fuentes, Hon.
    Philip J. Maenza, Hon. Rudolph A. Filko, Hon. Edward A.
    Jerejian, Hon. Thomas V. Manahan

By:  Gregory A. Spellmeyer
     Deputy Attorney General
     (609) 984-9504
     gregory.spellmeyer@dol.lps.state.nj.us

| | |
|---|---|
| JEFFREY M. MULLER, et al., <br><br> Plaintiffs, <br> v. <br><br> THE HON. PHILIP J. MAENZA, in his Official Capacity as Judge of the Superior Court of Morris County; et al. <br> Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> CIVIL ACTION No. 10-cv-6110-WHW-CCC <br><br> DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS |

Defendants Paula T. Dow, Attorney General of New Jersey; Colonel Rick Fuentes, Superintendent of the New Jersey State Police; the Honorable Philip J. Maenza; the Honorable Rudolph A. Filko; the Honorable Edward A. Jerejian; and the Honorable Thomas V. Manahan, by and through their attorney, Paula T. Dow, Attorney General of New Jersey, Gregory A. Spellmeyer, Deputy Attorney General, appearing, submit the following response to plaintiffs' statement of material facts pursuant to L.Civ.R. 56.1(a).

1. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is

      genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

2. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Without waiving this objection, defendants agree that at the time of the Complaint being filed, the criminal trials remained pending. Defendants also assert that the remainder of the paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

3. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

4. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is

     genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

5. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

6. For purposes of plaintiffs' motion for summary judgment only, defendants agree that the New Jersey State Police approved plaintiff Muller's application for a permit to carry.

7. For purposes of plaintiffs' motion for summary judgment only, defendants agree that on August 31, 2010, Judge Maenza denied plaintiff Muller's application because he failed to show justifiable need.

8. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

9. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to

        justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

10. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

11. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

12. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

13. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

14. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

15. For purposes of plaintiffs' motion for summary judgment only, defendants agree that Judge Filko denied plaintiff Piszczatoski's application for a permit to carry a handgun because he failed to show a justifiable need for such.

16. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.

17. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.

18. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.

19. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

20. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

21. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

22. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

23. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶4. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

24. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

25. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

26. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.

27. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶4.  Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.

28. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶4.  Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.

29. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

30. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

31. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

32. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶7.

33. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion.  See Declaration of Gregory A. Spellmeyer, ¶4.  Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶7.

34. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion.  See Declaration of Gregory A. Spellmeyer, ¶4.  Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶7.

35. This paragraph is not material to plaintiffs' facial constitutional challenge and so should not be considered in resolving plaintiffs' motion.  See Declaration of Gregory A. Spellmeyer, ¶4.  Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to

       justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

36. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

37. For purposes of plaintiffs' motion for summary judgment only, defendants agree that the Superintendent of the State Police denied his application because he failed to demonstrate a justifiable need for a permit to carry a handgun pursuant to N.J.S.A. 2C:58-4.

38. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶7.

39. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶7.

40. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶7.

41. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition

       are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

42. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7.

43. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7. No individual plaintiff is alleged to be a member of SAF. SAF does not identify in its complaint any member of SAF who was denied a permit to carry on the ground that the member did not demonstrate a justifiable need pursuant to N.J.S.A. 2C:58-4. See Complaint, District Docket Entry # 1.

44. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶7. For purposes of plaintiffs' motion for summary judgment only, defendants agree with this paragraph.

45. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition

      are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.

46. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶7.  No individual plaintiff is alleged to be a member of ANJRPC.  ANJRPC does not identify in its complaint any member of ANJRPC who was denied a permit to carry on the ground that the member did not demonstrate a justifiable need pursuant to <u>N.J.S.A.</u> 2C:58-4.  <u>See</u> Complaint, District Docket Entry # 1.

```
                              PAULA T. DOW
                              ATTORNEY GENERAL OF NEW JERSEY

Dated: January 26, 2011    BY:   /s/ Gregory A. Spellmeyer
                                 Gregory A. Spellmeyer
                                 Deputy Attorney General
```