# TABLE OF CONTENTS

**INTEREST OF *AMICI*** .................................................................................................1

**ARGUMENT** ..............................................................................................................1

**I)**     **The New Jersey Permitting Scheme Implicates the Constitutional Framework for the Protection of Second Amendment Rights**........................................................1

     A) *Heller* held that the Second Amendment protects two unique and distinct individual self-defense rights: to keep arms and to bear arms ...................2

     B) *McDonald* incorporated *Heller* to protect against infringement by unreasonable state government regulations ............................................................3

     C) *Miller* proves that the New Jersey permitting statute implicates a Protected Second Amendment activity: handgun possession .................................3

**II)**     **The Justifiable Need Requirement is Unconstitutional Because it is an Unreasonable Regulation of the Second Amendment's Right to Bear Arms**.........4

     A) The Justifiable Need Requirement is Applied so Stringently that Private Citizens are Prohibited from Exercising the Right to Bear Arms............................4

     B) The Justifiable Need Requirement as Applied Makes Victimization a Precondition to the Exercise of Second and Fourteenth Amendment Rights .............................5

**III)**    **Delegating the Discretion to Determine Justifiable Need is Unconstitutional Because it is an Unreasonable Regulation of the Second Amendment's Right to Bear Arms**.............................................................................................6

     A) Exercise of this Discretion has Proven to be the Functional Equivalent of a Ban on the Right to Bear Arms for Private Citizens........................................6

     B) The Availability of Judicial Review has Not Checked the Abuse of Discretion Exercised by Police ..........................................................................7

**CONCLUSION** ..........................................................................................................8

# INDEX OF AUTHORITIES

**Cases**

*Application of "X,"* 59 N.J. 533, 284 A.2d 530 (1971) ...................................................8

*District of Columbia v Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008) ..........................2, 3, 4, 5, 6

*Doe v Dover Tp*, 216 N.J. Super. 539, 524 A.2d 469 (1987) .......................................8

*In re Application of Borinsky*, 363 N.J. Super. 10, 830 A.2d 507 (2003) ....................................6, 7

*In re Preis*, 118 N.J. 564, 573 A.2d 149 (1990) ........................................5, 7

*Matter of Johnson*, 267 N.J. Super. 600, 632 A.2d 539 (1993) ......................................8

*McDonald v Chicago*, 130 S. Ct. 3020, 177 L. Ed. 894 (2010) ......................................3

*Parker v District of Columbia*, 478 F.3d 370, 375 U.S. App. D.C. 140 (2007) .............................4

*Siccardi v State*, 59 N.J. 545, 284 A.2d 533 (1971) ...............................................5, 6, 7

*Reilly v State*, 59 N.J. 559, 284 A.2d 541 (1971) ....................................5, 8

*US v Miller*, 307 U.S. 174, 59 S. Ct. 816 (1939) ...........................................3

**Statutes**

NJS § 2A:151-44.2 ......................................................................................7

NJS § 2C:58-4 ..........................................................................................4

US Constitution, Second Amendment ....................................................................1,2