PAUL L. ABRAMO, ESQ.     (PA9199)
93 Main Street
PO Box 12
Newton, New Jersey 07860-0012
Phone: (973) 940-0600
Fax: (973) 940-0601

Steven W. Dulan Esq. (P54914)
1750 East Grand River Ave. Ste. 101
East Lansing, MI 48823
Phone: (517) 333 -7132
Fax: (517) 333 -1691

Counsel for Amici Curiae,
MCRGO and NJCSD

U.S. DISTRICT COURT

2011 FEB 22  A 9: 02

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JEFFREY M. MULLER; DANIEL J. PISZCZATOSKI;
JOHN M. DRAKE; GREGORY C. GALLAGHER;
LENNY S. SALERNO; FINLEY FENTON;
SECOND AMENDMENT FOUNDATION, INC.; and
ASSOCIATION OF NEW JERSEY RIFLE & PISTOL
CLUBS, INC.,

   Plaintiffs,

v.

THE HON. PHILIP J. MAENZA, *in his Official Capacity as Judge of the Superior Court of Morris County*; THE HON. RUDOLPH A. FILKO, *in his Official Capacity as Judge of the Superior Court of Passaic County*; THE HON. EDWARD A. JEREJIAN, *in his Official Capacity as Judge of the Superior Court of Bergen County*; THE HON. THOMAS A. MANAHAN, *in his Official Capacity as Judge of the Superior Court of Morris County*; COL. RICK FUENTES, *in his Official Capacity as Superintendent of the New Jersey State Police*, CHIEF FRANK INGEMI, *in his Official Capacity as Chief of the Hammonton, New Jersey Police Department*, CHIEF RICHARD COOK, *in his Official Capacity as Chief of the Montville, New Jersey Police Department*; and PAULA T. DOW, *in her Official Capacity as Attorney General of New Jersey*,

   Defendants.

No. 2: 10-CV-6110 (WHW) (CCC)

Hon. William H. Walls

**Application of *Amici Curiae* Michigan Coalition for Responsible Gun Owners (MCRGO) and New Jersey Coalition for Self Defense (NJCSD) for Leave to File an Amicus Brief in Support of Plaintiffs**

Through undersigned counsel, the Michigan Coalition for Responsible Gun Owners, and the New Jersey Coalition for Self Defense do hereby apply to the Court for leave to file a Brief as *Amici Curiae* in this case for the facts and reasons stated below. The proposed Brief is attached hereto as **Exhibit A** for the convenience of the Court and counsel.

### INTEREST OF *AMICI*

*Amicus* New Jersey Coalition for Self Defense is the first and only New Jersey volunteer citizen's non-profit organization, founded in 2003, whose mission is to perform a public education service with respect to our Civil, Human, and Constitutional right to keep and bear arms and to provide training and education on practical principles of effective self defense for personal, family and public safety. Our objective is to effect positive change in New Jersey's current public policy of discouraging, penalizing, and criminalizing, legitimate and necessary acts and methods of self defense through legislative initiatives, grassroots activism, statewide public information campaigns, and legal action.

*Amicus* Michigan Coalition for Responsible Gun Owners is the largest state-based gun rights advocacy group in the United States and has been in existence for over 10 years. MCRGO is a non-partisan group whose board members include elected officials of both major parties serving as County Sheriffs, State Representatives, and State Senators. The MCRGO's mission is to support the individual citizen's right to own and carry firearms for self-defense and other lawful purposes in Michigan and elsewhere by advocating and supporting right to carry reciprocity with other states. The vast majority of jurisdictions in the United States now recognize Michigan Concealed Pistol Licenses, and efforts are underway to create similar agreements in the remaining jurisdictions.

The proposed brief provides an overview of recent and longstanding Supreme Court Second Amendment jurisprudence, the Constitutional bases requiring the recognition of a right to carry firearms in public, and addresses an open question that has resulted from this jurisprudence and plagued New

Jersey's scheme for permitting exercise of the right to carry firearms in public as that scheme has been implemented by statute and practice for more than forty (40) years last past. This *amicus* brief also addresses open questions relating to New Jersey's "justifiable need" requirement for obtaining a permit to carry firearms, illuminates why such requirement is unreasonable and unconstitutional, and addresses the matter of delegating the discretion to determine "justifiable need" as a *de facto* unconstitutional exercise of discretion by law enforcement personnel, rather than by the judiciary, in consequence of which the regulations and practices developed under the statute have resulted in persistent violations of the Second Amendment's right to bear arms.

District courts have inherent power to grant third parties leave to file briefs as *amici curiae*, particularly if they "deem[] the proffered information timely and useful." Yip v. Pagano, 606 F. Supp. 1566, 1568, *aff'd,* 782 F.2d 1033 (3rd Cir. 1986) (internal quotations omitted). Here, *amici* bring a broad and deep perspective to the issues raised by this case and have a compelling interest in the federal court' interpretation of Second Amendment issues. *Amici* thus respectfully submit the attached brief to assist the Court with the constitutional issues in this case, including important matters of first impression in New Jersey under the Second Amendment.

*Amici*, therefore, respectfully request the grant of leave to submit the attached Brief to assist the Court in deciding the complex and significant issues raised in this case.

February 18, 2011                    Respectfully Submitted,

                                                              s/Steven W. Dulan

                                                        _____

Stevem W. Dulan, Esq.

The Law Office of Steven W. Dulan, PLC

Counsel for *Amicus Curiae*,

Michigan Coalition for Responsible

Gun Owners (MCRGO)

1750 E. Grand River Ave., Ste. 101

East Lansing, MI 48823

Phone: (517) 333-7132

Fax: (517) 333-1691


s/Paul L. Abramo

_____

Paul L. Abramo, Esq. (PA-9199)

The Law Office of Paul L. Abramo, Esq.

Counsel for *Amicus Curiae*,

New Jersey Coalition for Self Defense

(NJCSD)

93 Main Street

PO Box 12

Newton, NJ 07860

Phone: (973) 940-0600

Fax: (973) 940-0601

# EXHIBIT A

## to

## Application of MCRGO and NJCSD

## For Leave to File an *Amicus Brief*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. MULLER; DANIEL J. PISZCZATOSKI; JOHN M. DRAKE; GREGORY C. GALLAGHER; LENNY S. SALERNO; FINLEY FENTON; SECOND AMENDMENT FOUNDATION, INC.; and ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., <br><br>         Plaintiffs, <br><br>v. <br><br>THE HON. PHILIP J. MAENZA, *in his Official Capacity as Judge of the Superior Court of Morris County;* THE HON. RUDOLPH A. FILKO, *in his Official Capacity as Judge of the Superior Court of Passaic County;* THE HON. EDWARD A. JEREJIAN, *in his Official Capacity as Judge of the Superior Court of Bergen County;* THE HON. THOMAS A. MANAHAN, *in his Official Capacity as Judge of the Superior Court of Morris County;* COL. RICK FUENTES, *in his Official Capacity as Superintendent of the New Jersey State Police,* CHIEF FRANK INGEMI, *in his Official Capacity as Chief of the Hammonton, New Jersey Police Department,* CHIEF RICHARD COOK, *in his Official Capacity as Chief of the Montville, New Jersey Police Department;* and PAULA T. DOW, *in her Official Capacity as Attorney General of New Jersey,* <br><br>         Defendants. | No. 2: 10-CV-6110 (WHW) (CCC) <br><br><br> Hon. William H. Walls <br><br><br><br> **Brief of *Amici Curiae* Michigan Coalition for Responsible Gun Owners (MCRGO) and New Jersey Coalition for Self Defense (NJCSD) in Support of Plaintiffs** |

The Law Offices of Steven W. Dulan Esq. (P 54914)
Counsel for *Amicus Curiae* MCRGO
in support of Plaintiffs
1750 East Grand River Ave. Ste. 101
East Lansing, MI 48823
Phone: (517) 333 -7132
Fax: (517) 333 -1691

The Law Office of Paul L. Abramo, Esq.
Counsel for *Amicus Curiae, NJCSD*
in Support of Plaintiffs
93 Main Street, PO Box 12
Newton, NJ 07860
Phone: (973) 940-0600
Fax: (973) 940-0601

**BRIEF OF *AMICI CURIAE* MCRGO AND NJCSD IN SUPPORT OF PLAINTIFFS**

TABLE OF CONTENTS

**INTEREST OF *AMICI*** ............................................................................................. 1

**ARGUMENT** ............................................................................................................... 1

    I)    **The New Jersey Permitting Scheme Implicates the Constitutional Framework for the Protection of Second Amendment Rights** .................................................. 1

        A)  *Heller* held that the Second Amendment protects two unique and distinct individual self-defense rights: to keep arms and to bear arms ................... 2

        B)  *McDonald* incorporated *Heller* to protect against infringement by unreasonable state government regulations ......................................................... 3

        C)  *Miller* proves that the New Jersey permitting statute implicates a Protected Second Amendment activity: handgun possession ............................... 3

    II)   **The Justifiable Need Requirement is Unconstitutional Because it is an Unreasonable Regulation of the Second Amendment's Right to Bear Arms** ........ 4

        A)  The Justifiable Need Requirement is Applied so Stringently that Private Citizens are Prohibited from Exercising the Right to Bear Arms ........................... 4

        B)  The Justifiable Need Requirement as Applied Makes Victimization a Precondition to the Exercise of Second and Fourteenth Amendment Rights ............................... 5

    III)  **Delegating the Discretion to Determine Justifiable Need is Unconstitutional Because it is an Unreasonable Regulation of the Second Amendment's Right to Bear Arms** ................................................................................................ 6

        A)  Exercise of this Discretion has Proven to be the Functional Equivalent of a Ban on the Right to Bear Arms for Private Citizens ...................................... 6

        B)  The Availability of Judicial Review has Not Checked the Abuse of Discretion Exercised by Police ......................................................................... 7

**CONCLUSION** .......................................................................................................... 8

# INDEX OF AUTHORITIES

**Cases**

*Application of "X,"* 59 N.J. 533, 284 A.2d 530 (1971) ................................................................ 8

*District of Columbia v Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008) .......................... 2, 3, 4, 5, 6

*Doe v Dover Tp*, 216 N.J. Super. 539, 524 A.2d 469 (1987) ........................................................ 8

*In re Application of Borinsky*, 363 N.J. Super. 10, 830 A.2d 507 (2003) ................................. 6, 7

*In re Preis*, 118 N.J. 564, 573 A.2d 149 (1990) ......................................................................... 5, 7

*Matter of Johnson*, 267 N.J. Super. 600, 632 A.2d 539 (1993) ................................................... 8

*McDonald v Chicago*, 130 S. Ct. 3020, 177 L. Ed. 894 (2010) .................................................... 3

*Parker v District of Columbia*, 478 F.3d 370, 375 U.S. App. D.C. 140 (2007) ........................... 4

*Siccardi v State*, 59 N.J. 545, 284 A.2d 533 (1971) ............................................................. 5, 6, 7

*Reilly v State*, 59 N.J. 559, 284 A.2d 541 (1971) ...................................................................... 5, 8

*US v Miller*, 307 U.S. 174, 59 S. Ct. 816 (1939) .......................................................................... 3

**Statutes**

NJS § 2A:151-44.2 .......................................................................................................................... 7

NJS § 2C:58-4 ................................................................................................................................. 4

US Constitution, Second Amendment ........................................................................................ 1,2

## INTEREST OF *AMICI*

*Amicus* New Jersey Coalition for Self Defense is a volunteer citizen's non-profit organization founded in 2003 whose mission is to perform a public education service with respect to our Civil, Human, and Constitutional right to keep and bear arms and to provide training and education on practical principles of effective self defense for personal, family and public safety. Our objective is to effect positive change in New Jersey's current public policy of discouraging, penalizing, and criminalizing, legitimate and necessary acts and methods of self defense through legislative initiatives, grassroots activism, statewide public information campaigns, and legal action.

*Amicus* Michigan Coalition for Responsible Gun Owners is the largest state-based gun rights advocacy group in the United States and has been in existence for over 10 years. MCRGO is a non-partisan group whose board members include elected officials of both major parties serving as County Sheriffs, State Representatives, and State Senators. The MCRGO's mission is to support the individual citizen's right to own and carry firearms for self-defense and other lawful purposes in Michigan and elsewhere by advocating and supporting right to carry reciprocity with other states. The vast majority of jurisdictions in the United States now recognize Michigan Concealed Pistol Licenses, and efforts are underway to create similar agreements in the remaining jurisdictions.

## ARGUMENT

I) **THE NEW JERSEY PERMITTING SCHEME IMPLICATES THE CONSTITUTIONAL FRAMEWORK FOR THE PROTECTION OF SECOND AMENDMENT RIGHTS**

The right to keep and bear arms is fundamental to a free society, and as such is protected by the United States Constitution from governmental infringement. U.S. Const., Second

Amendment. The right is firmly rooted in the common law tradition. The United States Supreme Court has acknowledged that the right pre-existed the inclusion of the Second Amendment in the Bill of Rights as part of the fundamental individual interest in self-defense. *Amici* in support of Defendants, Brady Center, et. al., mistake the fear of disarmament as the source of the right rather than merely one reason for including it in the Constitution. As the Supreme Court put it in *District of Columbia v Heller*, 554 U.S. 570, 599 (2008), "self-defense had little to do with the right's *codification*; it was the *central component* of the right itself." (emphasis in original).

A) ***Heller* Held that the Second Amendment Protects Two Unique and Distinct Individual Self-Defense Rights: to Keep Arms and to Bear Arms**

In *Heller*, the Supreme Court established that the Second Amendment protects two distinct rights belonging to individuals in their capacity as citizens rather than to the collective people as potential militia members. This holding is significant for two reasons. First, it acknowledges that the right to keep and bear arms belongs to all individuals, regardless of any affiliation with a militia or purpose to defend one's state. *Heller,* at 599. Secondly, contrary to the insistence of *Amici* Brady Center, et. al., it recognizes that the right to keep and bear arms actually protects two unique rights belonging to the people: to *keep* as in to possess and own firearms, and to *bear* as in to carry firearms. *Amici* admits as much in its own brief at page 7, then contrives an explanation attempting to conflate the two unique rights in blatant defiance of the primary thrust of the Court's holding: "[W]e find that [the Second Amendment] guarantee[s] the individual right to *posses and carry* weapons in case of confrontation." *Id.* (emphasis added). The Court specifically addressed this argument as it was raised in Justice Stevens' dissent. It said: "Justice STEVENS believes that the unitary meaning of 'keep and bear Arms' is established by the Second Amendment's calling it a 'right' (singular) rather than 'rights' (plural).

There is nothing to this. State constitutions of the founding period routinely grouped multiple (related) guarantees under a singular 'right...'. *Id.* (internal citations omitted).

### B) *McDonald* Incorporated *Heller* to Protect Against Infringement by Unreasonable State Government Regulations

In *McDonald v Chicago*, 561 U.S. ___, 130 S. Ct. 3020 (2010), the Supreme Court held that the 14th Amendment's Due Process Clause incorporates the *Heller* decision to protect against infringement by state governments of the individual rights to keep and to bear arms. No one contends that this limitation prevents states from enacting reasonable regulations pertaining to the exercise of those rights. However, recent Second Amendment jurisprudence has served to define a Constitutional floor below which states are forbidden to infringe on the right to keep and bear arms. (See *Heller,* at 636, 2822. "[T]he enshrinement of constitutional rights necessarily takes certain policy choices off the table.")

### C) *Miller* Proves that the New Jersey Permitting Statute Implicates a Protected Second Amendment Activity: Handgun Possession

In *United States v Miller*, 307 U.S. 174 (1939), the Supreme Court defined the category of arms for which the right to bear is protected from infringement. Its test has two prongs, protecting only those arms which were of the kind "in common use at the time" and the use or possession of which "has some reasonable relationship to the preservation or efficiency of a well regulated militia." *Id.* at 179. It has been held that the right to bear pistols, including their modern handgun descendents, are squarely within the *Miller* category of arms protected by the Second Amendment. *Heller,* at 2818.

With this framework in mind, the issue presented by this case is whether the New Jersey permit requirements, specifically the justifiable need requirement codified in NJS § 2C:58-4,

constitute a reasonable regulation on the right to bear arms. Given that unlicensed possession of handguns is illegal in New Jersey, conditioning the right to obtain a permit, and therefore to exercise a constitutional right, on justifiable need is *prima facie* unreasonable.

## II) THE JUSTIFIABLE NEED REQUIREMENT IS UNCONSTITUTIONAL BECAUSE IT IS AN UNREASONABLE REGULATION OF THE SECOND AMENDMENT'S RIGHT TO BEAR ARMS

### A) The Justifiable Need Requirement is Applied so Stringently that Private Citizens are Prohibited from Exercising the Right to Bear Arms

The majority in *Heller* held that a statutory ban on the right to keep arms in one's home violated the Second Amendment's protections. However, Justice Breyer's dissent gave examples of regulations that have repeatedly been upheld.

> These consist of (1) "prohibitions on carrying concealed weapons"; (2) "prohibitions on the possession of firearms by felons"; (3) "prohibitions on the possession of firearms by ... the mentally ill"; (4) "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings"; and (5) government "conditions and qualifications" attached "to the commercial sale of arms." *Heller*, *supra*, at 2869, 721.

The D.C. Circuit Court provided the most apposite explanation of why some of these regulations are presumably reasonable: they "promote the government's interest in public safety... Just as importantly, however, they do not impair the core conduct upon which the right was premised." *Parker v District of Columbia*, 478 F.3d 370, 401; 375 U.S. App. D.C. 140 (2007).

The justifiable need requirement in New Jersey's permit laws impairs the core conduct upon which the right to bear arms is premised – that being self-defense. The statute is eerily similar to that rejected in Heller (banning the *keeping* of functional arms in one's home) in that it virtually bans the *bearing* of arms by private citizens for self defense outside the home. Even if the statute at issue here is distinguishable from that in *Heller*, it is certainly a far more extensive

restriction on the right to bear arms than the examples cited therein as presumably reasonable regulations and is therefore unconstitutional. For example, New Jersey's statutes ban both the open and concealed carry of firearms. The justifiable need requirement is applied to prohibit virtually all private citizens from bearing arms, not just felons or the mentally ill. Furthermore, the ban on unlicensed carrying applies throughout the entire state rather than only in sensitive places such as schools and government buildings. *Heller* recognized that the need for the *right to keep arms* is "most acute" in the home. *Heller*, at 2817-2818. This Court should not ignore the fact that the need for the *right to bear arms* is equally acute outside the home where most people spend most of their time and more potential threats to personal safety exist.

### B) The Justifiable Need Requirement As Applied Makes Victimization a Precondition to the Exercise of Second and Fourteenth Amendment Rights

To qualify for a permit under the statute, a private citizen must prove "urgent necessity for self-protection." *In re Preis*, 118 N.J. 564, 566; 573 A.2d 149, 151 (N.J. 1990). This requires proof of "specific threats or previous attacks demonstrating special danger to applicant's life that cannot be avoided by other means, and generalized fears for personal safety are inadequate, as is a need to protect property alone." *Reilly v State*, 59 N.J. 559, 562; 284 A.2d 541 (1971). In *Siccardi v State*, 59 N.J. 545, 284 A.2d 533 (1971), the New Jersey Supreme Court deemed inadequate the applicant's statement that his personal safety had been threatened several times over the phone and in person, and that he regularly transported large sums of money from his work to a bank at night along a route where "there have been numerous incidents involving beatings and robberies." *Id.*

In rejecting the application, the New Jersey Supreme Court relied on the fact that the applicant "has never been subjected to a street assault or attack." *Id.* at 540. In doing so, the

Court functionally built into the statute a requirement that the applicant have been previously victimized by an assault and battery that the local Chief of Police deems "serious in nature" such that police action is "urgently necessary."

None of the fundamental rights protected by the first nine Amendments are absolute; they are all subject to some degree of regulation. *Heller,* at 2816-2817. None of them, however, restrict their protections to narrow subsets of the population or require those they protect to "earn" that protection by first being victimized by the precise kind of wrong that the Amendments are in the Bill of Rights to protect against in the first place. Given the recent trend in Second Amendment jurisprudence, this Court should be hesitant to legitimize New Jersey's treatment of the right to keep and bear arms as a second-class protection in the Bill of Rights.

### III) DELEGATING THE DISCRETION TO DETERMINE JUSTIFIABLE NEED IS UNCONSTITUTIONAL BECAUSE IT IS AN UNREASONABLE REGULATION OF THE SECOND AMENDMENT'S RIGHT TO BEAR ARMS

#### A) Exercise of this Discretion has Proven to be the Functional Equivalent of a Ban on the Right to Bear Arms for Private Citizens

The statute at issue vests the ultimate discretionary authority to grant or deny permits in the judiciary, but the decision to deny applications is made most often by the police in order to deter applicants from appealing to the courts at all. *Siccardi,* at 537. The decision is an ad-hoc factual inquiry, made on a case-by-case basis "in the light of the circumstances presented." *In re Application of Borinsky*, 363 N.J. Super. 10, 26;830 A.2d 507, 517 (2003). In *Siccardi,* at 536, several police chiefs conceded that, when presented with applicants' circumstances, they were consciously moving towards a more strict interpretation of justifiable need so as to minimize the number of private citizens who could carry pistols.

The authority of Police and Judges in New Jersey to tinker with the application requirements is limited by NJS 2A:151-44.2. It states that "there shall be no further conditions or requirements ... by the licensing authority for the issuance of a permit than those set forth by the superintendent and those that are specifically set forth in this chapter." Despite this clear prohibition against adding any categorical rules regarding to whom to grant permits, in *Siccardi*, several police chiefs admitted to only granting applications to security officers, heads of private detective agencies, etc. "[T]hey undertook the furtherance of a strict policy" restricting "the issuance of carrying permits to persons specifically employed in security work..." *Id.* at 540. They went on to testify about the remarkably low number of "private citizen[s] not connected with the police department" they knew of who had used licensed firearms to thwart an attack. *Id.* at 536. From this "statistic," they collectively concluded that "private possession of a handgun is rarely an effective means of self-protection." *Id.* Apparently it eluded them that private citizens could not use licensed firearms to thwart an attack *precisely because* the police so rarely granted licenses to private citizens to enable them to bear arms in self-defense.

### B) The Availability of Judicial Review has Empirically Not Checked the Abuse of Discretion Exercised by Police

The statutory scheme, in theory, has built-in safeguards against such incoherent application of the permit procedures. "[T]he safeguards against arbitrary official action are of greater significance than the details in the statutory standard. Those safeguards are found in ample measure in the provisions for hearing before the County Judge and review before the Appellate Division and, where necessary, before [the New Jersey Supreme Court]." *Siccardi*, at 539 (internal citations omitted). However, New Jersey case law is replete with cases controlling the justifiable need determination in which judicial review served to affirm denials or reject granted permit applications. See *Siccardi, In re Preis, In re Application of Borinsky, Reilly*. See

also *Application of "X,"* 59 N.J. 533, 284 A.2d 530 (1971), *Doe v Dover Tp*, 216 N.J. Super. 539, 524 A.2d 469 (1987), and *Matter of Johnson*, 267 N.J. Super. 600, 632 A.2d 539 (1993). Thorough research encompassing relevant case law and the annotated New Jersey Statutes did not reveal a single case in which a private citizen applied for a permit to carry, was rejected by the police, appealed to the courts, and was granted a permit to exercise his or her constitutional right to bear arms in self-defense. This evidence seems to indicate that the procedural safeguards exist not to protect the people but only to protect the arbitrary application of unreasonable regulations on the right to keep and bear arms.

## CONCLUSION

New Jersey's permit scheme is unconstitutional at least insofar as it contains a justifiable need provision making it virtually impossible for private citizens to exercise their Second Amendment right to keep and bear arms. The statute is as much a ban on the right to bear arms as the statute in *Heller* was a ban on the right to keep arms. Because the Second Amendment protects those as unique, individual rights, the New Jersey statute must not unreasonably regulate them. For the reasons articulated above and supported by 40 years of New Jersey case law, it is obvious that the permit scheme does run afoul of the constitutional protection guaranteed to the right to keep and bear arms. Therefore, *Amici* supporting Plaintiffs request that this Court rule accordingly to end New Jersey's unconstitutional practice of denying its residents the right to keep and bear arms for self-defense.

February 18, 2011

Respectfully Submitted,

s/Steven W. Dulan

---

Stevem W. Dulan, Esq.
The Law Office of Steven W. Dulan, PLC
Counsel for *Amicus Curiae*,
Michigan Coalition for Responsible
Gun Owners (MCRGO)
1750 E. Grand River Ave., Ste. 101
East Lansing, MI 48823
Phone: (517) 333-7132
Fax: (517) 333-1691

s/Paul L. Abramo

---

Paul L. Abramo, Esq. (PA-9199)
The Law Office of Paul L. Abramo, Esq.
Counsel for *Amicus Curiae*,
New Jersey Coalition for Self Defense
(NJCSD)
93 Main Street
PO Box 12
Newton, NJ 07860
Phone: (973) 940-0600
Fax: (973) 940-0601

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2011, I fled this Application of *Amici Curiae*, Michigan Coalition for Responsible Gun Owners and New Jersey Coalition for Self Defense in support of Plaintiffs through the Court's CF/ECF system, which will electronically serve this document on both Plaintiffs' and Defendants' attorneys as follows:

David Douglas Jensen
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102
ddjensen@duanemorris.com

Robert P. Firriolo
Duane Morris LLP
1540 Broadway
New York, NY 10036
rpfirriolo@duanemorris.com

Gregory A. Spellmeyer
Officde of the New Jersey Attorney General
R.J. Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625
Gregory.spellmeyer@dol.lps.state.ny.us

                                          s/Paul L. Abramo
                                          Paul L. Abramo, Esq.