UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY M. MULLER, et al., | : UNITED STATES DISTRICT |
| | : COURT FOR THE DISTRICT |
| Plaintiffs, | : OF NEW JERSEY |
| | : |
| v. | : CIVIL ACTION No. 10-cv- |
| | : 6110-WHW-CCC |
| THE HON. PHILIP J. MAENZA, in his | : |
| Official Capacity as Judge of the | : Original Motion Date: |
| Superior Court of Morris County; et | : March 21, 2011 |
| al., | : |
| | : Electronically Filed |
| Defendants. | : |

## REPLY BRIEF TO OPPOSITION TO STATE DEFENDANTS' CROSS-MOTION TO DISMISS PLAINTIFFS' COMPLAINT

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants Paula T. Dow,
Colonel Rick Fuentes, Hon. Philip J.
Maenza, Hon. Rudolph A. Filko, Hon.
Edward A. Jerejian, Hon. Thomas V.
Manahan
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112

Gregory A. Spellmeyer
Deputy Attorney General, Division of Law
gregory.spellmeyer@dol.lps.state.nj.us
(609) 984-9504
On the Brief

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT.. . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE MATTER INVOLVED and PROCEDURAL HISTORY.. . . . . 3

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 3

    THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO CROSS-DISMISS PLAINTIFFS' COMPLAINT BECAUSE THE CHALLENGED PROVISIONS OF N.J.S.A. 2C:58-4 ARE CONSTITUTIONAL. . . . . 3

    A.  The Challenged Provisions Do Not Implicate the Second Amendment Right to Possess a Handgun in One's Home for Purposes of Self-Defense And the Second Amendment Does Not Encompass a Right to Carry a Handgun Beyond One's Home.. . . . . . . . . . 4

    B.  Even If the Challenged Provisions Implicate the Second Amendment, They Pass Constitutional Review . . . . . . . . . . . . . . . . . . . . . . . . . 10

        1.  The Challenged Provisions Are Constitutional Under Any Heightened Scrutiny. . . . . . . . 11

        2.  The First Amendment's Prior Restraint Framework Does Not Apply.. . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 19

**<u>TABLE OF AUTHORITIES</u>**

CASES CITED

<u>Bach v. Pataki</u>, 408 <u>F.</u>3d 75 (2d Cir. 2005). . . . . . . . . .   18

<u>Daniels v. United States</u>,
2 <u>A.</u>3d 250 (D.C.), <u>cert. denied</u>, 131 <u>S. Ct.</u> 806 (2010) . . . . . 7

<u>District of Columbia v. Heller</u>, 554 <u>U.S.</u> 570 (2008). . . . 1,5,7,8

<u>Forsyth County v. Nationalist Movement</u>,
505 <u>U.S.</u> 123 (1992). . . . . . . . . . . . . . . . . 17,18

<u>McDonald v. City of Chicago</u>, 130 <u>S. Ct.</u> 3020 (2010). . . . . . 1,4

<u>Mosby v. Devine</u>, 851 <u>A.</u>2d 1031 (R.I. 2004). . . . . . . . . .   12

<u>Siccardi v. State</u>, 59 <u>N.J.</u> 545 (1971). . . . . . . . . . . .   18

<u>United States v. Barton</u>,
2011 U.S. App. LEXIS 4111 (3d Cir. Mar. 4, 2011). . . . . . 13,16

<u>United States v. Chester</u>, 628 <u>F.</u>3d 673 (4th Cir. 2010). . . .   16

<u>United States v. Marzzarella</u>,
614 <u>F.</u>2d 85 (3d Cir. 2010). . . . . . . . . . . . . . . . 4,16

<u>United States v. Quattrone</u>, 402 <u>F.</u>3d 304 (2d Cir. 2005). . . .   15

<u>Wilson v. Cook County</u>, 2011 Ill. App. LEXIS 77
(Ill. App. Ct. 1st Dist. Feb. 9, 2011). . . . . . . . . . .   16

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

STATUTES CITED

<u>D.C. Code Ann.</u> § 22-4504. . . . . . . . . . . . . . . 6

<u>D.C. Code Ann.</u> § 22-4504.01.. . . . . . . . . . . . . 6

<u>D.C. Code Ann.</u> § 22-4505. . . . . . . . . . . . . . . 6

<u>D.C. Code Ann.</u> § 22-4506 (repealed) (2011). . . . . . . . . . 6

<u>N.J.S.A.</u> 2C:58-4. . . . . . . . . . . . . . . . . . 3

<u>N.J.S.A.</u> 2C:58-4c,d . . . . . . . . . . . . . . . 3,4,9

<u>N.J.S.A.</u> 2C:58-4d . . . . . . . . . . . . . . . . 10

REGULATIONS CITED

<u>N.J.A.C.</u> 13:54-2.4(d)2. . . . . . . . . . . . . . . 14

RULES CITED

<u>Fed. R. Civ. P.</u> 12(b)(6). . . . . . . . . . . . . . . 3

## PRELIMINARY STATEMENT

New Jersey's requirement that one qualify for a license in order to carry a handgun beyond one's home is a constitutionally permissible, reasonable regulatory measure that does not implicate the right to possess a handgun in one's home for purposes of self-defense. District of Columbia v. Heller, 554 U.S. 570, 595, 628 (2008); see also McDonald v. City of Chicago, 130 S. Ct. 3020, 3050 (2010).

Plaintiffs do not dispute that this regulation does not implicate the Second Amendment right to possess a handgun within one's home for purposes of self-defense. They also do not cite any case law that interprets Heller as recognizing a federal constitutional right to carry a handgun beyond one's home. Notably, the post-Heller cases arising out of the District of Columbia, where Heller originated, have not recognized any such right.

Even if the requirement implicated the Second Amendment, the challenged statute passes constitutional review. Plaintiffs do not dispute that New Jersey may regulate handguns and that it has a compelling interest in ensuring the safety of all of its citizens. Here, New Jersey regulates but does not prohibit carrying a handgun in public. Because the justifiable need standard directly relates to an applicant's demonstrated need to carry a handgun for self-defense, it burdens no more of any alleged right to carry than is necessary. Therefore, New Jersey's regulation is narrowly tailored

to serve its compelling interest in ensuring the safety of all of its citizens and passes constitutional review.

## <u>STATEMENT OF THE CASE and PROCEDURAL HISTORY</u>

Defendants rely upon the Statement of the Case and Procedural History as set forth in their initial brief. <u>See</u> Docket Entry #25-1, Brief on Behalf of State Defendants. Defendants submit this brief in reply to Plaintiffs' opposition to Defendants' cross-motion to dismiss Plaintiffs' Complaint pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6).

## <u>LEGAL ARGUMENT</u>

### <u>THIS COURT SHOULD GRANT DEFENDANTS' CROSS-MOTION TO DISMISS PLAINTIFFS' COMPLAINT BECAUSE THE CHALLENGED PROVISIONS OF <u>N.J.S.A. 2C:58-4</u> ARE CONSTITUTIONAL.</u>

Plaintiffs' complaint should be dismissed because <u>N.J.S.A.</u> 2C:58-4c,d do not implicate the Second Amendment. They do not affect the right to possess a handgun <u>in one's home</u> for purposes of self-defense. Neither <u>Heller</u> nor any other case recognizes a broader federal constitutional right to carry a handgun. Further, <u>N.J.S.A.</u> 2C:58-4c,d do not prohibit but merely regulate the carrying of a handgun in public.

Alternatively, if there were a constitutional right to carry a handgun beyond one's home, the provisions pass constitutional review even if strict scrutiny were applied. They are narrowly tailored to serve the State's compelling interest in ensuring the safety of all of its citizens.

- 3 -

**A.** **The Challenged Provisions Do Not Implicate the Second Amendment Right to Possess a Handgun in One's Home for Purposes of Self-Defense And the Second Amendment Does Not Encompass a Right to Carry a Handgun Beyond One's Home.**

N.J.S.A. 2C:58-4c,d are constitutional because they do not implicate the Second Amendment.  See United States v. Marzzarella, 614 F.2d 85, 89 (3d Cir. 2010) (if challenged law does not burden conduct falling within scope of Second Amendment, "inquiry is complete").  Plaintiffs do not dispute that the right to possess a handgun in one's home for purposes of self-defense is not affected here.  Also, the Supreme Court's decision in Heller did not pronounce a broader constitutional right.  See Docket Entry #25-1, Brief on Behalf of State Defendants, pp. 18-23.[1]  Plaintiffs do not cite any case law that interprets Heller as recognizing a constitutional right to carry a handgun beyond one's home.

"In Heller, [the Court] held that the Second Amendment protects the right to possess a handgun in the home for the purpose of self-defense."  McDonald, 130 S. Ct. at 3050.  Despite the Court's plain holding in Heller and statement in McDonald, Plaintiffs contend that the Supreme Court necessarily ruled and held that the Second Amendment protects a much broader "general right to carry guns."  See Docket Entry #29, Reply Brief in Support

---

[1]The references to the page numbers of the parties' briefs are to the Docket Entry page numbers marked by the CM/ECF at the top of briefs rather than to the original page numbers marked by the parties at the bottom of the briefs.

of Plaintiffs's Motion for Summary Judgment And in Opposition to Defendants' Cross-Motion to Dismiss, p.15 ("Plaintiffs' Brief in Reply and Opposition").  Plaintiffs' contention is incorrect, unsupported, and should be rejected.

Because the holding in Heller does not support Plaintiffs' position, they cobble together their own view of what the Court must have meant, even though it did not state so either in Heller itself or in McDonald.  Plaintiffs quickly move past what the Court plainly said--its own summary of its holding--in order to speculate on what Court did not say but allegedly meant--that the newly pronounced constitutional right is far broader than the Court itself described.  The most telling example is that Plaintiffs fault Defendants' reliance upon the following paragraph:

> In sum, we hold that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense.  Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home.
>
> [Heller, 554 U.S. at 635 (emphasis added).]

See Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, p.15.

It is difficult to understand how Plaintiffs fault Defendants for relying upon the Court's summary of its own holding except that it rejects Plaintiffs' position.  Further, this language, although

- 5 -

precise, clear, and conclusive, is not the only language supporting Defendants' position that the right pronounced in <u>Heller</u> is the right to possess a handgun within one's home for purposes of self-defense.  Other language is found within <u>Heller</u> itself (without any need to resort to speculation), <u>McDonald</u>, and subsequent case law. <u>See</u> Docket Entry #25-1, Brief on Behalf of State Defendants, pp. 18-23.  This court need not go any further in this analysis.

Plaintiffs continue their attempt to expand <u>Heller</u>'s holding by arguing that the right to carry a handgun beyond one's home was a right actually resolved by <u>Heller</u> in the context of its review of the District of Columbia's regulations.  <u>See</u> Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 17-19.  This argument is rebutted by the fact that this very issue remains subject to litigation.  Indeed, Plaintiff SAF knows this because it is a plaintiff in that litigation.

The District has no law generally authorizing the issuance of a permit to carry a handgun in public.  <u>See</u> <u>D.C. Code</u> §§ 22-4504; 22-4504.01; 22-4505; 22-4506 (repealed) (2011).  SAF is a plaintiff in <u>Palmer v. District of Columbia</u>, wherein it is challenging the inability to carry a handgun in public in the District.  <u>See</u> <u>Palmer v. District of Columbia</u>, United States District Court for the District of Columbia, Case No. 09-cv1482, Docket Entry #1-3, Complaint.  Further, courts have not interpreted <u>Heller</u> as striking down the District's criminal regulation against carrying a weapon

without a license.  See Daniels v. United States, 2 A.3d 250, 253
n.2 (D.C.) (citing prior case law, declining to interpret Heller as
extending beyond the right to possess in the home and finding that
District's criminal regulation against carrying weapon without
license not facially unconstitutional), cert. denied, 131 S. Ct.
806 (2010).  Clearly, the Court in Heller did not pronounce a right
to carry a handgun beyond one's home, either in the context of its
review of the District of Columbia's regulations or otherwise.

     Plaintiffs' reliance upon the Court's isolated statement of a
right to possess and carry in case of "confrontation" is stretched
too thin in the light of the Court's further discussions of the
limited scope of the right and its actual holding.  See Docket
Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 20-23.
There is no logic or reason by which the use of the words "carry"
or "confrontation" in the context of the decision necessarily must
or should be read to have pronounced a general constitutional right
to carry a handgun in public for purposes of "confrontation."

     First, the statement relied upon by Plaintiffs was part of the
Court's analysis of whether an individual right, not limited to
carrying arms in a militia, existed rather than the scope or
context of that right.  Second, the Court later stated that the
right protected by the Second Amendment was "limited" and did not
extend to carrying "arms for *any sort* of confrontation . . . ."
Heller, 554 U.S. at 595 (italics in original).  Additionally, the

"confrontation" language well precedes the Court's separate
discussion that the right is not unlimited and, indeed, is subject
to certain long-standing prohibitions and regulatory measures. Id.
at 626-627 n.26.  Most importantly, it also well precedes and is
placed into context by the Court's holding which is plain in
pronouncing only a right to possess in one's home for purposes of
self-defense.

    Contrary to Plaintiffs' contention, the Court's discussion of
the significance of the home does not support a conclusion that
Heller extended a right to carry beyond the home. See Docket Entry
#29, Plaintiffs' Brief in Reply and Opposition, pp. 23-26.  It
supports the opposite conclusion that Heller applied the right in
the home precisely because the need for self-defense is most acute
in the home.  Similarly, the Court's repeated placement of the
right to possess a handgun in the context of one's home for self-
defense evidences the Court's limitation of its pronouncement.
Nowhere does the Court suggest that a sufficient corresponding or
even comparable need for self-defense exists generally beyond the
home such that it was extending a right to carry beyond the home.

    The Defendants have argued that there is no indication that
the Court coupled, much less rationalized, the prohibition on
carrying handguns in sensitive places as presupposing the existence
of a general right to carry handguns.  Plaintiffs fault this
argument by suggesting that if the Court had intended to limit its

holding to the home, then it would have been pointless for the Court to have identified laws prohibiting guns from specified, sensitive public places as an example of a presumptively lawful restriction. <u>See</u> Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, p. 28. Plaintiffs' criticism is misplaced.

Defendants argue that <u>N.J.S.A.</u> 2C:58-4c,d are constitutional in light of <u>Heller</u> and <u>McDonald</u>. Even though <u>Heller</u> did not pronounce a constitutional right to carry a handgun beyond one's home, a license to carry a handgun is available pursuant to <u>N.J.S.A.</u> 2C:58-4(c),(d) upon a showing of justifiable need. Hence it does not implicate the Second Amendment. Nevertheless, were a person to hold such license or were a person otherwise lawfully entitled to carry a handgun, certainly that person could still be subject to laws prohibiting guns from being carried into specified, sensitive public places. Thus, Defendants' interpretation of <u>Heller</u> does not render its discussion of presumptively lawful regulations irrelevant.

Defendants reiterate that New Jersey's requirement of a permit to carry a handgun beyond one's home is a regulation rather than a prohibition; a fact that Plaintiffs largely forget or ignore throughout their brief. <u>See</u> Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 32-40. Also, Defendants maintain their position that the cases upon which they rely support the view that <u>Heller</u> has not been interpreted to pronounce a right beyond the

- 9 -

right to possess a handgun in one's home for purposes of self-defense.   <u>See</u> Docket Entry #25-1, Brief on Behalf of State Defendants, pp. 18-23.

In sum, <u>N.J.S.A.</u> 2C:58-4c,d do not implicate the Second Amendment right to possess a handgun <u>in one's home</u> for purposes of self-defense.   Plaintiffs do not argue to the contrary. Plaintiffs' argument is based upon the incorrect and rebutted view that <u>Heller</u> pronounced a far broader right to carry a handgun beyond one's home.  Neither <u>Heller</u> nor any other court interpreting <u>Heller</u> has pronounced or recognized such an expansive view. Accordingly, the challenged provisions do not implicate the Second Amendment and should be upheld as presumptively lawful or as passing rational basis review.

**B.    Even  If  the  Challenged  Provisions Implicate the Second Amendment, They Pass Constitutional Review.**

Even if the Second Amendment were implicated, the challenged provisions pass constitutional review.   New Jersey regulates but does not prohibit carrying a handgun in public.   Further, its justifiable need standard is narrowly tailored to serve its compelling interest in ensuring the safety of all of its citizens and passes constitutional review.   Finally, there is no basis or precedence for taking the prior restraint framework out of the First Amendment jurisprudence, to which it has been specifically limited, and applying it in this context.   It does not operate in

the Second Amendment context. To attempt to do so ignores the fundamental differences between the First and Second Amendments as well as the Court's specific recognition in <u>Heller</u> that the right protected by the Second Amendment is limited and is subject to reasonable regulation, including measures for combating the problem of handgun violence.

**1.    The Challenged Provisions Are Constitutional Under Any Heightened Scrutiny.**

Plaintiffs do not dispute that New Jersey may regulate handguns and that New Jersey has a compelling interest in ensuring the safety of all of its citizens. <u>See</u> Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 60-61. Instead, they mistakenly contend that the regulation of the carrying of a handgun beyond one's home is a complete prohibition of a right to carry. Of course, this also incorrectly presumes that the Court in <u>Heller</u> pronounced a general right to carry a handgun beyond one's home.

The Court in <u>Heller</u> did not explicitly reject application of the reasonable regulation test to any alleged right to carry because its holding did not pronounce any right to carry. Further, the right to carry beyond one's home is not essential to the right to possess a handgun within one's home. Therefore, the application of the reasonable regulation test is not precluded and is

appropriate.[2]   <u>See</u> Docket Entry #25-1, Brief on Behalf of State Defendants, pp. 25-26.

Plaintiffs argue that strict scrutiny rather than intermediate scrutiny applies to the challenged provisions because they allegedly burden the core value of the right that the Second Amendment protects--self-defense.   <u>See</u> Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 57-60.   This is incorrect.   The Court in <u>Heller</u> held that the right protected by the Second Amendment is the right to self-defense in the home. Even if the right could be taken out of the context of the home, the application of strict scrutiny would not be consistent with <u>Heller</u>.

In <u>Heller</u>, the Court did not state that the right to possess a handgun in one's home was a fundamental right or that strict scrutiny should be applied to review infringements of it.   This is consistent with its statement that the right to possess a handgun

---

[2]Plaintiffs overstate the State Defendants' reliance upon <u>Mosby v. Devine</u>, 851 <u>A.</u>2d 1031 (R.I. 2004).   Defendants cite it to support the proposition that the reasonableness test has been applied in State jurisdictions where the right to keep and bear arms has been declared to be a fundamental constitutional right. Plaintiffs also overstate <u>Mosby</u> itself because the court did not consider whether a law conditioning carry licenses solely on a finding of "need" would violate the Rhode Island constitution. Despite finding that the right to bear arms was employed in the military context and the right to keep arms contemplated "storage in an appropriate location rather than carrying" in public, it did not have to consider the issue.   <u>Id.</u> at 1042-43.   The <u>Mosby</u> language cited by Plaintiffs emphasizes only that a licensing decision be subject to judicial review.   <u>See</u> Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 46-47.

in the home is subject to presumptively lawful prohibitions and regulatory restrictions and is supported by the numerous courts that have applied intermediate scrutiny to post-<u>Heller</u> Second Amendment challenges. <u>See</u> <u>United States v. Barton</u>, 2011 U.S. App. LEXIS 4111, at *7 (3d Cir. Mar. 4, 2011) (Court's discussion of presumptively lawful prohibitions is not mere dicta but is binding). <u>See</u> <u>also</u> Docket Entry #25-1, Brief on Behalf of State Defendants, pp. 26-27. Accordingly, there is no basis to apply strict scrutiny to an alleged right to carry a handgun beyond one's home. Certainly a lesser standard applies. <u>See</u> Docket Entry #25-1, Brief on Behalf of State Defendants, pp. 26-27.

Plaintiffs mis-characterize the challenged provisions as a ban on the alleged general right to carry in order to avoid addressing the application of the standard of review on the merits. When discussing which standard of review to apply, Plaintiffs focus on the right to self-defense but ignore the context of the right being in the home where the need for self-defense is most acute. But when discussing the application of the standard of review, Plaintiffs' ignore that any alleged right to carry must be grounded in a need for self-defense. They misstate the issue as "an individual's 'need' to exercise his or her fundamental constitutional right" without regard to any individual need to carry a handgun for self-defense. <u>See</u> Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 59. By doing so,

- 13 -

Plaintiffs ignore or seek to avoid that the justifiable need standard directly relates to an applicant's demonstrated need to carry a handgun for self-defense. As such, it burdens no more of an alleged right to carry than is necessary to serve the State's interest in ensuring the safety of all of its citizens and passes constitutional review.

Plaintiffs note that a retired qualified police officer does not have to satisfy the justifiable need standard in order to be licensed to carry a handgun.[3] Plaintiffs appear to argue that this fact somehow undermines or is inconsistent with the State's position that the dangers associated with carrying a handgun in public give rise to a compelling interest justifying regulation. Plaintiffs argue that the State's regulation does not serve its compelling interest because if it did, then the State would preclude anyone, including retired police officers, from carrying a handgun. See Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 61-62. Although Plaintiffs are correct in suggesting that the State's compelling interest may justify more

---

[3]Plaintiffs also note that qualified security guards under N.J.A.C. 13:54-2.4(d)2 need not demonstrate a justifiable need as evidenced by specific threats. However, Plaintiffs fail to note that N.J.A.C. 13:54-2.4(d)2 requires a certification of justifiable need to carry a handgun which demonstrates that the guard, in the course of performing statutorily authorized duties, "is subject to a substantial threat of serious bodily harm" and "[t]hat carrying a handgun . . . is necessary to reduce the threat of unjustifiable serious bodily harm to any person."

restrictive regulation than is in place, their argument does not otherwise undermine the State's position.

By no logic or reasoning is the State's compelling interest in ensuring the safety of its citizens undermined by requiring a member of the general public, a sportsman, or a collector to demonstrate a justifiable need and by not requiring a retired, qualified police officer to demonstrate a justifiable need. While employed, the police officer's primary focus, motivation, and training was on promoting and protecting public safety. Unlike a member of the general public, a sportsman, or a collector, the qualified, retired police officer carries this critical public safety background and perspective with him. Recognition of this fundamental distinction not only furthers the State's interest but in fact narrows the State's regulation of carrying a handgun.

### 2. The First Amendment's Prior Restraint Framework Does Not Apply.

Plaintiffs continue to fail to identify any decision applying the prior restraint framework to a Second Amendment challenge. See Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 41-43. Indeed, it remains unclear how it could translate in this context where there is no prohibition based upon content. See United States v. Quattrone, 402 F.3d 304, 309-10 (2d Cir. 2005). While some courts have looked to First Amendment analysis, it has been for guidance to develop the appropriate standard of review in the Second Amendment context, not to apply the prior restraint

framework.  See United States v. Chester, 628 F.3d 673, 682 (4th Cir. 2010).  Plaintiffs' reliance upon Marzzarella, supra, is of no avail because it specifically cautioned that the First and Second Amendment standards may apply differently, it did not even suggest the application of a prior restraint framework in the context of the Second Amendment, and it employed an intermediate scrutiny standard.  614 F.3d at 96 n.15, 97.

In short, the cases recognize the fundamental differences between the First and Second Amendments.  See United States v. Barton, 2011 U.S. App. LEXIS 4111, at *8 n.3 (rejecting application of "overbreadth" doctrine outside of "limited context" of First Amendment and to Second Amendment challenge; and presuming felon dispossession statute constitutional); Wilson v. Cook County, 2011 Ill. App. LEXIS 77, at *33 (Ill. App. Ct. 1st Dist. Feb. 9, 2011) (rejecting application of "overbreadth" doctrine outside of First Amendment and to Second Amendment challenge; and applying intermediate scrutiny).  The First Amendment protection of speech is difficult to regulate without materially infringing upon its core rights, and those core rights are not typically expressed through conduct that presents an inherent risk of danger to the general public.  In contrast, the Second Amendment can be regulated without materially infringing upon the core right to self-defense in one's home and a handgun is inherently dangerous such that its reasonable regulation specifically furthers the public safety.

- 16 -

In an attempt to bridge this difference, Plaintiffs liken the inherent danger of a handgun to the "power" of the spoken word. See Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 41-50. The futility of the attempt is apparent on its face but also demonstrated by Heller's statements that the right protected by the Second Amendment is limited and subject to long-standing prohibitions and presumptively lawful regulatory measures. Heller, 554 U.S. at 626-627 n.26. "[M]easures regulating handguns" remain a tool for combating "the problem of handgun violence in this country . . . ." Id. at 636. This jurisprudence rejects Plaintiffs' position because it recognizes the applicability of restraints on the Second Amendment. For all the "power" of the spoken word, there is no corresponding First Amendment violence and the First Amendment prior restraint jurisprudence is not comparable.

Plaintiffs' also argue that the challenged statute is a prior restraint because it allegedly conditions protected Second Amendment conduct upon a discretionary grant of permission. See Docket Entry #29, Plaintiffs' Brief in Reply and Opposition, pp. 43-47. The court should reject this argument. Plaintiffs' reliance upon Forsyth County v. Nationalist Movement, 505 U.S. 123 (1992) is wholly inapposite. It addressed a licensing regulation under the First Amendment prior restraint framework because its arbitrary application risked suppressing a particular point of

- 17 -

view.  Id. at 131-32.  Furthermore, once again, Plaintiffs'
argument is based upon the incorrect and rebutted premise that the
right protected by the Second Amendment extends to carrying a
handgun beyond one's home.  It also ignores that the Second
Amendment is subject to limitation and regulation as well as that
the challenged statute is a mere regulation, not a prohibition.
Additionally, the approval of a permit to carry is not based upon
unbridled, carte blanche, or arbitrary discretion but a
determination of whether the standard for such--rooted, as is
Heller, in the need for self-defense--has been satisfied.  See Bach
v. Pataki, 408 F.3d 75, 80 (2d Cir. 2005) (noting that decision
regarding whether proper cause existed to issue license to carry
will not be disturbed unless arbitrary and capricious).  Finally,
the reasonable application of New Jersey's justifiable need
standard can be effectively enforced on judicial review to guard
against the potential of an arbitrary decision.  Siccardi v. State,
59 N.J. 545, 555-56, 557 (1971).  See also Docket Entry #25-1,
Brief on Behalf of State Defendants, pp. 28-30.

## CONCLUSION

For the foregoing reasons, this Court should grant the State Defendants' cross-motion to dismiss Plaintiffs' complaint for its failure to state a claim upon which relief can be granted.

Respectfully submitted,

PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
ATTORNEY FOR THE STATE DEFENDANTS


BY:   /s/ Gregory A. Spellmeyer
      Gregory A. Spellmeyer
      Deputy Attorney General

Dated: March 16, 2011

- 19 -